### BROOKS et ux. v. PRESTON.

No. 18303. Opinion Filed Dec. 11, 1928. Rehearing Denied Jan. 12, 1929.

Sam K. Sullivan, Neal A. Sullivan, and R. J. Shive, for plaintiffs in error.

G. A. Chappell, for defendant in error.

TEEHEE, C. Laverne Alene Preston, a child four years of age at the time of the filing of this suit, is the innocent object of this litigation. Lyle Preston, defendant in error, is the surviving parent, and E. C. Brooks and his wife, plaintiffs in error, are the child's maternal grandparents. The child, since its mother's death about a year and three months prior to the filing of the suit, had been in the care and custody of the respondents whom petitioner sued in habeas corpus to recover its custody. In the trial court the parties appeared in their reverse order as petitioner and respondents. Our further reference to them will be in their respective trial positions.

The issue in the cause was framed upon appropriate pleadings by the parties. Petitioner alleged that he was the father of the child, and since its mother's death is entitled to the care and custody of his offspring; that the respondents were unlawfully preventing his obtaining custody, and had the child in illegal restraint, and contrary to his wishes and consent. Respondents asserted lawful custody by virtue of petitioner's having left the child with them upon the death of the mother, which was a continuation of their care, custody and support of the child with the knowledge and consent of the petitioner from the time that it was about 10 months of age, when petitioner had practically abandoned the child and its mother. Upon hearing of the cause, the court by judgment awarded the custody of the child to the petitioner, of which judgment respondents complain.

In their motion for a new trial, respondents alleged that the judgment was contrary to and was not supported by the evidence, and was contrary to law. Other grounds of complaint are set up in their petition in error, but, under their motion for a new trial, the only question raised is the insufficiency of the evidence to support the judgment. From the evidence, the court found that due to some unexplained difference between the parents of the child they had separated when it was about 10 months of age, the mother and child being left with the respondents, and the petitioner shortly thereafter enlisting in the United States army as a single man, where he served for one regular enlistment term and was so engaged upon the death of the mother. During the first half of this period, the child was in the joint care of its mother and the respondents, but under the direct control of the mother, and for the latter half it was under the exclusive care and custody of the mother who for that period resided elsewhere than at the home of the respondents. The court further found that the evidence would not warrant a finding that the petitioner had either contracted away his right to the custody of his offspring or that his conduct forfeited such right.

In addition to the facts as found by the court above outlined, it was in evidence that, from the time of the separation of the child's parents to the death of its mother, the petitioner had been rather indifferent toward his wife and child; that while the mother resided with her parents, the respondents contributed to the care and custody of the child, the mother finding private employment for that purpose as well as during the period of time when the mother resided elsewhere, and that the petitioner made some slight contribution to that end; that about a year after the mother's death, the petitioner remarried, and had established a home, was employed, and was substantially prepared to properly care for his child; and that the child's stepmother was anxious to have it in the family, and that she would do her part in looking to its care, comfort and welfare. There was no evidence of unfitness of the petitioner to have the custody of his child, nor, likewise, was there any evidence of such unfitness on the part of the respondents. These salient points, together with their details, induced the views of the trial court that the evidence did not warrant its finding that the petitioner had contracted away his right of custody, or that he had forfeited such right.

In this jurisdiction it is well established that:

"In a contest between the father and the

grandparents, in order to deprive the father of the custody of his child, it must be shown that his condition in life, or his character and habits, are such that provision for the child's ordinary comfort and contentment, or for its intellectual and moral development, cannot be reasonably expected at the parent's hands." Lynch v. Poe, 53 Okla. 595, 157 Pac. 907; Jamison v. Gilbert, 38 Okla. 751, 135 Pac. 342, 47 L. R. A. (N. S.) 1133; Hedtke v. Kukuk, 93 Okla. 264, 220 Pac. 615.

As there is abundant evidence in the record to support the findings of fact and judgment complained of, it necessarily follows that the judgment of the district court must be and the same is hereby affirmed.

BENNETT, DIFFENDAFFER, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.