ALEXANDER et vir v. KENNEDY.

No. 30129.    Dec. 2, 1941.

*119 P. 2d 823.*

J. P. Evers, of Tulsa, for plaintiffs in error.

Duff & Manatt, of Tulsa, for defendant in error.

CORN, V. C. J. This action was commenced on October 10, 1940, by Mrs. A. M. Kennedy, against Mr. and Mrs. L. H. Robbins, seeking custody of the plaintiff's two minor grandchildren.

The facts appearing from the record are that Mrs. Robbins, mother of the children, obtained a divorce from her former husband, father of the children in question, on January 6, 1937, and was at that time granted custody of the children, with the right of visitation being granted the children's father. Since that time she has had custody and control of said children.

November 30, 1938, defendant's former husband was killed in an automobile accident. Plaintiff alleged in her petition that after the divorce was granted in 1937, and up to the time her son, father of the children, was killed, the children would be brought to her home and she would be allowed to have them at her home for a few days' time, at different intervals. Plaintiff further prayed:

"Wherefore, this applicant prays that the court make an order directing the said Mildred Robbins, formerly Mildred Alexander, mother of the said children, to deliver to said applicant at such times as the court may deem proper, said children, and allow said children to go with said applicant to her home in Bixby, or elsewhere as the court may deem proper, for seasonable visits with this applicant, and for such other and further relief as to the court may seem just and equitable, proper and for the best interest of the said children."

There was no allegation that Mrs. Robbins, the defendant, is an unfit person to have the care and custody of the said minor children.

The judgment of the trial court was as follows:

"The court, after being advised in the premises, finds that the father of the minor children is dead, and it would be for the best interests of the minor children of the plaintiff and defendant herein, to wit: Lila Sue Alexander and Shirley Rea Alexander, that they visit the applicant, A. M. Kennedy, their grandmother, twice a month and thereby keep in contact with the grandmother.

"It is therefore ordered, adjudged and decreed by the court that the said applicant, A. M. Kennedy, be and she is hereby granted permission to take said children into her temporary control on the second and fourth Sundays in each month, beginning the 27th day of October, 1940, under the express condition that she get said children at 12:30 p. m. and return them to the plaintiff by 8 p. m. of the same day."

Section 1685, O. S. 1931, 10 O.S.A. § 5, provides:

"If the father be dead or be unable or refuse to take the custody, or has abandoned his family, the mother is entitled thereto."

In Scroggin v. Griffin et ux., 185 Okla. 456, 94 P. 2d 244, we held in paragraph 1 of the syllabus:

"In a contest between the father and the grandparents, in order to deprive the father of the custody of his child, it must be shown that his condition in life or his character and habits are such that provision for the child's ordinary comfort and contentment, or for its intellectual and moral development, cannot reasonably be expected at the parent's hand."

See, also, the authorities cited in Scroggin v. Griffin, supra.

Under the facts in this case, it was the duty of the trial court to award the full care and custody of the said minor children to Mrs. Robbins, their mother.

The judgment of the trial court is therefore modified and reversed insofar

as it fails to give full custody of said children to their mother, and this cause is remanded, with directions to enter judgment for exclusive custody of said children in favor of the mother.

WELCH, C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY and HURST, JJ., absent.