### HOLDEMAN v. HOLDEMAN.

No. 30577. Sept. 29, 1942.

*129 P. 2d 585.*

Falkenstine & Fisher, of Watonga, for plaintiff in error.

E. S. Collier, of Taloga, for defendant in error.

OSBORN, J. On March 6, 1941, Shirley Holdeman, hereinafter referred to as plaintiff, filed in the district court of

Dewey county an application to modify a divorce decree with respect to the custody of a minor child. A response was filed by Culver Holdeman, former husband of plaintiff, hereinafter referred to as defendant. A hearing was had before the court, the application of plaintiff was denied, and plaintiff has appealed to this court.

A decree of divorce was entered in the district court of Dewey county on October 19, 1938, wherein plaintiff was awarded a divorce from defendant on the ground of extreme cruelty and gross neglect of duty. The minor child, Shirley Ann Holdeman, was four months of age at the time the decree was entered and the court awarded the sole custody of said child to plaintiff until the child reached the age of three years, and provided that after that time defendant should have the sole custody of the child during the months of June, July, and August of each year, and that plaintiff should have the sole custody of the child at all other times, and that either party should have the right to visit the child at reasonable intervals while it was in the custody of the other.

In her application for modification of the decree plaintiff sought sole and exclusive custody of the child except as to the right of visitation by defendant.

At the conclusion of plaintiff's evidence defendant lodged a demurrer thereto which was sustained by the court on the ground that the same was insufficient to warrant a change in the order with respect to the custody of the child, and plaintiff's application to modify the divorce decree was denied.

From the evidence adduced by the plaintiff it appears that the child, at the time of the hearing, was approximately three years of age; that plaintiff and the child resided at the home of plaintiff's parents, where the surroundings were pleasant and the child enjoyed the association and affection of the mother, the grandparents, and two minor children of the grandparents; that the surroundings and home were conducive to the proper mental and moral development of the child; that plaintiff and her parents exercised a proper respect for the right of defendant to visit the child. It was further shown that defendant had remarried and a child had been born to said marriage. No effort was made to show that the child would receive improper care or training in the home of defendant, but it was shown that the child was nervous, temperamental, and easily upset, and that a separation of the child and mother would not be to the best interest of a child of such nature and of such tender years. It appears that the relationship between plaintiff and her family and the family of defendant was wholesome. No effort was made on the part of plaintiff to show that defendand was an improper person to have the care of the child and no criticism was made of his home or his manner of life.

30 O. S. 1941 § 11, in part, provides:

"As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

Said statute was applied in the case of Wallace v. Wallace, 145 Okla. 303, 292 P. 1111, wherein it was said:

"In awarding the custody of a minor child the court or judge is to be guided by what appears to be for the best interest of the child in respect to its temporal, its mental, and its moral welfare.

"As between parents adversely claiming the custody of a minor child, neither parent is entitled to it as of right, but other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

We are of the view that a divided custody, under the evidence adduced herein, would not be for the best interest of the child in respect to its temporal, mental, and moral welfare and that the trial court erred in sustaining

a demurrer to the plaintiff's evidence. In the light of the facts now before this court, it appears that the best interest of the child would be subserved by granting exclusive custody to plaintiff and extending liberal rights of visitation to defendant.

Accordingly, the order of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.