GOERTZEN v. GOERTZEN.

No. 31636. May 9, 1944.

*148 P. 2d 982.*

Luther A. Wells, of Enid, for plaintiff in error.

Harry C. Kirkendall, of Enid, for defendant in error.

HURST, J. The plaintiff, Peter Goertzen, appeals from an order awarding to the defendant, Evelyn Mae Ruth Powell, former wife of plaintiff, the care, custody and control of their six-year-old child, Anita Louise Goertzen.

In 1939, the plaintiff filed a divorce suit against the defendant. The defendant did not appear to contest the case, and the court granted plaintiff a divorce and awarded him the custody of the child, subject to the right of the defendant to have the child with her in her home for one day out of each week, except Sunday. The child was placed by the plaintiff in the home of his mother and his two single sisters. In 1943, the defendant filed a motion in the divorce case alleging that she has married again, that she and her husband live on a farm near Enid, and that they are financially able to properly care for the child. Defendant further alleged that the plaintiff has remarried, that he has one child by his second wife, that Anita Louise Goertzen is still in the home of plaintiff's mother, and that as the mother of said child she has the right to her custody, and she asked that the court modify its former order and give her such right.

The plaintiff filed a response to said motion alleging that the child is located in the home of his mother and is well cared for, and that for its best interest it should be permitted to remain there, and plaintiff asked the court to enter an order granting the custody of the child to his mother. Upon the hearing of the motion, the court modified its former order and granted the custody of the child to defendant, allowing plaintiff and its grandmother the right of visitation with the child.

The testimony shows that the defendant was married to the plaintiff when she was less than 15 years of age, and that she was only 16 when the child was born. In her testimony the defendant denied that she had deserted the child and left the home as plaintiff had alleged. She testified that the plaintiff had ordered her to leave the premises under threat of death if she refused, and that she was without means and was thereafter forced to do hard labor to obtain an existence. There is nothing substantial in the testimony to show that the defendant would not be a devoted mother and a proper person to care for and look after the moral and educational interests of the child.

It is shown that the defendant has a fixed home and that her present husband, who is in fairly good financial circumstances, is willing to take the child into the home and assist in rearing it as if it were his child. Plaintiff's testimony discloses that he has been contributing practically nothing towards the child's support and maintenance. The plaintiff has never exercised the privilege granted him in the former order of personally caring for the child even though he has again married and is living in Woodward.

In awarding the custody of a child, as between divorced parents, the court is to be guided by what appears to be for the best interest of the child. Freeman v. Freeman, 190 Okla. 74, 120 P. 2d 627. As between parents adversely claiming the custody of a child, neither is entitled to its custody as of right, but other things being equal, if the child

be of tender years, it should be given to the mother. 30 O. S. 1941 § 11. Either the father or the mother would have a preference right to the custody of a child over a grandparent unless the special unfitness of parent is clearly shown and the moral and intellectual development of the child cannot reasonably be expected at the parent's hands. Scroggin v. Griffin, 185 Okla. 456, 94 P. 2d 244; Sherick v. Butler, 175 Okla. 538, 53 P. 2d 1097; Brooks v. Preston, 134 Okla. 272, 273 P. 345.

In the instant case the trial court heard the testimony of some 16 witnesses, and had before him the contesting parties, and was familiar with all of the surrounding circumstances and was in a much better position to determine what was for the best interest of the child than is this court. We are unable to say that the order appealed from is clearly against the weight of the evidence or contrary to law.

Affirmed.