MORRISON v. MORRISON.

No. 32348.   Oct. 29, 1946.

*173 P. 2d 919.*

Jack Tellegen and Abe Cohen, both of Oklahoma City, for plaintiff in error.

A. H. Meacham, of Clinton, and Ted Foster, of Oklahoma City, for defendant in error.

WELCH, J., Mae Morrison sued her husband, Gerald T. Morrison, for divorce on the ground of extreme cruelty and sought custody of their minor son. Defendant by answer and cross-petition sought a divorce on the ground of extreme cruelty and gross neglect of duty and sought custody of the minor son.

The trial court found the issues in favor of the defendant and granted him a divorce and custody of the minor son, now a little past three years of age.

While plaintiff apparently appealed from the entire judgment, in her brief she assails the judgment only as to the child custody. The judgment as to divorce appears clearly sustained by the evidence.

As to custody of the child, plaintiff seeks reversal and bases her contention on the rules of law stated in the second and third paragraphs of syllabus in our decision in Bell v. Bell, 196 Okla. 130, 163 P. 2d 548, wherein it was held:

"2. In awarding the custody of a minor child as between its parents the court is to be guided by what appears to be for the best interest of the child in respect to its temporal, mental and moral welfare."

"3. As between parents adversely claiming the custody of a minor child, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

Those rules are well established and are looked upon as altogether sound. The plaintiff argues in effect that a consideration of these legal rules, with a correct weighing of the evidence, requires reversal.

We have examined the record and are convinced that the trial court in no sense overlooked these applicable rules of law. On the contrary, it is apparent these rules were carefully applied. The trial court specifically found that the father was a fit and proper person to

have custody of the boy, and there is no contention that he is not such a fit and proper person. The court did not find that the plaintiff was an unfit person to have such custody. It is quite apparent that the trial court based his conclusion upon the rule stated in the second paragraph of the syllabus in the Bell Case. The record presents in some detail the circumstances of domicile of the parties and the location and association of such premises, and the parties, and it is apparent it was upon consideration of such evidence and all attending circumstances that the trial judge based his conclusion that it is presently for the best interest of the minor son that he be placed in custody of the father.

We deem it wholly unnecessary to discuss the details of the evidence or to emphasize portions thereof which may have played an important part in leading the trial judge to the conclusion reached. We therefore in this opinion do not analyze the evidence further than to say that it is sufficient to justify a conscientious judge in reaching the conclusion that under all the circumstances the best interest of the child justifies and requires that he be placed in custody of his father.

The trial court provided for reasonable visitation on the part of the mother and properly so. That portion of the judgment is of equal force with the balance, and fair and reasonable compliance therewith may be anticipated, and enforced if necessary. We point out, as we have in former opinions, that there is continued judicial authority in reference to child custody in such cases as this, and that such authority may be applied to effect change or modification as to custody if changed circumstances require and justify it.

As stated, the trial judge, upon observing the various witnesses and hearing their testimony, seems to have been properly guided by the legal rule of the second paragraph of the syllabus above quoted. However, it does not appear that the rule of the third paragraph of the syllabus in the Bell Case was in any manner overlooked. It is apparent the trial court concluded that other things or circumstances were not wholly equal and that in such respect there was a wholesome preponderance in favor of the position of the father, sufficient to require and justify placing the custody in the father. And that, as we have found and stated, is justified by the record.

Affirmed.

GIBSON, C. J., HURST, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur.