LEWIS et al. v. SISNEY.

No. 34735. Jan. 8, 1952.

*239 P. 2d 787.*

E. Blumhagen, Watonga, for plaintiffs in error.

R. H. Morgan, Watonga, for defendant in error.

BINGAMAN, J. On June 14, 1949, the district court of Blaine county granted the plaintiff, Mary Sisney, a divorce from her husband, Dick E. Sis-

ney, on the ground of extreme cruelty and gross neglect of duty. In the decree the trial court found that neither plaintiff nor defendant were fit and proper persons to have the custody and care of their minor children, a daughter aged four and a son born March 14 1947, and placed the children in the custody of Verona Lewis, a sister of the defendant, Dick E. Sisney. On March 9, 1950, the plaintiff, Mary Sisney, filed a motion to modify the divorce decree and asked that she be granted the care and custody of the two children. After a full hearing, at which both parties produced witnesses, the trial court entered an order awarding the custody of the children to the plaintiff, Mary Sisney. Verona Lewis and Dick E. Sisney appeal.

From the evidence it appears unquestioned that Verona Lewis, who lives at Edmond, Oklahoma, is a fit and proper person to have the custody of the children; that they are well cared for in her home, and that the father is contributing $8 per week for their support, as required by the decree of the divorce.

The evidence shows that at the time the divorce was granted and for a short time thereafter, Mary Sisney lived in a room in a boarding house in Geary; that she was without means to care for the children and was nervous and sickly; that she is now living with her parents at their home near Bethlehem, Pennsylvania, and is employed at a factory there, making some $35 or $40 per week, and that she is now in good health. So far as the record shows there is no question as to her good character and moral integrity, although the record shows that she is uneducated.

Various witnesses, living near the home of plaintiff's parents, near Bethlehem, testified by deposition that her father and mother were people of good moral character; that they had a nice home of sufficient size to care for the children properly; that public schools were near the home and that the family regularly attended church services. The father and mother both testified that they were willing and able to care for the children while the plaintiff worked; that they would welcome them into the home and would give them good care and attention. The plaintiff testified that it was her intention to see that the children attended church and Sunday school and that they received a good education, and the mother and father and a sister of plaintiff, who also lived in the home, testified that they would assist her in these objectives.

In this court the defendants, Dick E. Sisney and Verona Lewis, call attention to the fact that the trial court is not authorized to modify a decree and change the custody of the children except upon a substantial and material change of facts, and a finding that such change will be for the best interest of the children.

In the instant case the record shows a change in the circumstances of the plaintiff in that she now has a place where the children may be properly kept and brought up, and is able to support them and give them the advantages of an education, whereas at the time the divorce was granted she was not in condition to do so. Just why the trial court in the divorce decree found that she was not a fit and proper person to care for the children is not shown, but witnesses, both from the city of Geary, where she resided during her marriage, and witnesses who have known her since she removed to Pennsylvania, testified that they had never heard anything against her character, and that her conduct was at all times exemplary. There was a sufficient change in circumstances shown to authorize the trial court to grant her the custody of the children if he found it was to their best interest.

We have frequently held that, other things being equal, the custody of a child of tender years should be given to the mother. Goertzen v. Goertzen, 194 Okla. 207, 148 P. 2d 982; Holde-

man v. Holdeman, 191 Okla. 309, 129 P. 2d 585; Morrison v. Morrison, 197 Okla. 620, 173 P. 2d 919.

While the record shows that Verona Lewis, who has no children of her own, is taking good care of the children and that her husband has a position at a salary sufficient to enable the parties, with the assistance they derive from the payments from the father, to care for and educate the children, it appears that the mother can furnish all these things to the children, and in addition, if living with her, they will be with a parent and have the benefit of parental affection. In Morris v. Morris, 81 Okla. 222, 198 P. 70, we said:

"Parental affection is a child's richest heritage, it is nature's shield against harm to the child, and should be strongly weighed against before its happiness and the molding of its life and character be consigned to others."

This holding is cited with approval in Jackson v. Jackson, 200 Okla.. 333, 193 P. 2d 561.

The decree granting the mother custody is, of course, not a permanent decree but may be modified during the minority of the children when a change is shown to be for their best interests.

In Gilcrease v. Gilcrease, 176 Okla. 237, 54 P. 2d 1056, we said that where it did not appear that the trial court had abused its discretion in making an order for the custody of minor children as between the divorced parents, that this court would not reverse an order of the trial court.

From a careful examination of the record, we are unwilling to hold that the order made by the trial court, in view of the evidence presented, was an abuse of discretion.

Affirmed.

HALLEY, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ. concur.