Daphna DODSON, Plaintiff In Error,

v.

G. L. DODSON, Defendant in Error.

No. 37088.

Supreme Court of Oklahoma.

Feb. 28, 1956.

Rehearing Denied April 10, 1956.

Arney & Barker, Clinton, for plaintiff in error.

Meacham, Meacham & Meacham, Clinton, for defendant in error.

DAVISON, Justice.

Plaintiff obtained a decree of divorce from the defendant on July 7, 1952, which provided plaintiff, the mother, should have custody of the two minor children from the first day of September to the first day of June of each year, and the defendant, the father, should have custody from the first day of June to the first day of September of each year. One daughter was born December 10, 1944, and the second daughter was born in 1946.

The present application of plaintiff asking that the above decree be modified and she be given the permanent and exclusive care, custody and control of said minor children was filed June 2, 1955, and on June 20, 1955, the court denied any change in the custody of the children and from this order denying such full custody of these children plaintiff has appealed.

Since the divorce both parties have remarried and for some time the children had been living in the home of their mother and step-father. Defendant married on the 3rd day of June, 1955, one day after the last application for change of custody of the children was filed.

The evidence discloses without substantial conflict that prior to the divorce the parties had lived at Clinton, Oklahoma. The plaintiff's parents live at Clinton and defendant's parents live at Custer, Oklahoma. Defendant has no home to which he takes the children when he has custody and has always placed them in the home of his parents. The evidence tends to disclose that at least one of the parents of defendant sold intoxicating liquors. The older child testified that she had seen her paternal grandparents sell intoxicating liquors; that at one time she made a trip to Texas with her father and obtained at least three cases of whiskey. This, however, was denied by defendant. As remarked by the trial judge the conditions under which the children are forced to be with either the maternal or paternal grandparents are not particularly ideal.

However the record discloses that plaintiff is now remarried and living in Oklahoma City; that her husband is a sober, conscientious citizen and is making a good living as a cook; that he loves the children and desires that they be in his home; that the children are in school and attend Sunday School regularly. Both children testified that they had rather live with their step-father than with their father.

The rule in such cases has been often stated. In Goertzen v. Goertzen, 194 Okl. 207, 148 P.2d 982, it is stated:

"In determining, as between the divorced parents, the question of who shall have the custody of their minor child, the welfare of the child is of paramount consideration."

In the last cited case it was held that it was for the best interest of the child that custody be given to the mother. In Lewis v. Sisney, 205 Okl. 599, 239 P.2d 787, we discussed a fact situation somewhat similar to the case under consideration in that

therein at the time the custody was taken away from the mother she had no home and no place to take her child. Thereafter she married and this court changed the custody of the child to the mother. In the case we have before us now the older girl will be twelve years old December 10, 1956, and will be approaching young womanhood. It is trite to state that it is for the best interest of the two children that they be in the same home. We think after a review of all of the facts and circumstances in this proceeding that it is for their best interest that the two girls remain with their mother.

It is argued there has been no change in the conditions since the divorce which would authorize a change in the custody. We see no reason to enlarge on the above statement of facts. The record contains a sufficient showing of a change of condition. See, Lewis v. Sisney, supra.

The order of the trial court refusing to change custody is hereby modified to provide full custody to the mother. This order, however, shall not prevent the father from visiting the children at reasonable times.

Order modified as directed.