Linda Jeane **PERRY**, Plaintiff in Error,

v.

Gary Lee **PERRY**, Defendant in Error.

No. 40672.

Supreme Court of Oklahoma.

Oct. 19, 1965.

**286**

John H. Kennedy, Oklahoma City, for plaintiff in error.

Miskovsky, Sullivan, Embry & Miskovsky, Oklahoma City, for defendant in error.

LAVENDER, Justice.

The plaintiff in error, hereafter referred to as plaintiff, filed this action in the District Court of Oklahoma County, Oklahoma, seeking a divorce, the custody of two minor children of the marriage and to have certain personal property set apart to the plaintiff. Upon trial of the matter the court entered judgment in which, inter alia, it awarded the custody of a three-months old son to the plaintiff and the custody of a two and one-half year old daughter to the defendant. From that part of the judgment awarding the custody of the two and one-half year old daughter to the defendant, the plaintiff brought this appeal.

Therefore, the only issue to be decided on appeal is whether or not the trial court erred in placing the custody of the daughter in the defendant.

Title 30 O.S.1961, § 11, is particularly applicable in matters of this kind. It provides as follows:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

"1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

"2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

This court has heretofore held that in determining the custody of a minor

child in a divorce case, the best interest of the child should be the paramount consideration, and where it does not appear that the trial court has abused its discretion in the matter, this court on review will not reverse the order of the trial court. Davis v. Davis, Okl., 355 P.2d 572; Bowring v. Bowring, 196 Okl. 520, 166 P.2d 415; Lewis v. Sisney, 205 Okl. 599, 239 P.2d 787; Gilcrease v. Gilcrease, 176 Okl. 237, 54 P.2d 1056, and numerous similar cases.

There is a good reason for the existence of this rule. The trial court is confronted with the parties themselves and the witnesses. It is better able to determine a controverted issue of fact than is this court, which, of necessity, is permitted only to consider the dry, printed words appearing in the record. However, the plaintiff contends that the decision of the trial court should be reversed, and the custody of this minor daughter should be awarded to her. The plaintiff contends that in the absence of finding by the trial court that the mother is an unfit person to have the custody of a child of tender years that she should be awarded its custody, and our attention is directed to 30 O.S.1961, § 11, supra, together with the following cases: Bruce v. Bruce, 141 Okl. 160, 285 P. 30; Blackwood v. Blackwood, 204 Okl. 317, 229 P.2d 602; Davis v. Davis, supra; Goertzen v. Goertzen, 194 Okl. 207, 148 P.2d 982; Holdeman v. Holdeman, 191 Okl. 309, 129 P.2d 585, and Marcum v. Marcum, Okl., 265 P.2d 723.

In the Bruce case we held that evidence of the father that his wife was a poor housekeeper would not warrant placing exclusive custody of their child in its father. We believe that is the law but is not applicable here where the evidence went beyond proving the mother was not a good housekeeper. The Blackwood case is of no help either, for in that case the trial court expressly found the mother was a fit and proper person to have the custody of the child, then turned around and awarded its custody to its father. There is no such finding in this case.

In Davis v. Davis, supra there was no evidence of unfitness on the part of the child's mother (nor on the part of the father either). We affirmed the trial court action in placing the custody in the mother. There was nothing in that record to indicate the trial court abused his discretion.

Goertzen v. Goertzen, supra, involved a custody dispute between a parent and a grandparent, as did also the case of Marcum v. Marcum, supra, and the cases therein cited of Brooks v. Preston, 134 Okl. 272, 273 P. 345; Scroggin v. Griffin, 185 Okl. 456, 94 P.2d 244. The case of Sherrick v. Butler, 175 Okl. 538, 53 P.2d 1097, cited in the Marcum case, involved a parent against a paternal uncle. These cases are therefore not in point with the case before us.

The case of Holdeman v. Holdeman, supra, involved a case where there was apparently no evidence either way going to the unfitness or fitness of either parent. There was evidence in that case that the child had been and probably would continue to be subject to nervous problems if this court permitted her custody to be changed back and forth from the mother to the father pursuant to the trial court's decree of divided custody. This court held that the best interest of the child required it to be left with its mother all during the year. That case is clearly not applicable here.

■ Upon careful and complete study of the record in this case, we find competent evidence was adduced to establish that it would be for the best interests of the minor daughter in respect to its temporal, mental and moral welfare to have the custody of the child placed with its father.

■ We do not find that the trial court abused its discretion in awarding the custody of the child to its father. The plaintiff argued in her briefs that because the trial court awarded the custody of the baby boy to plaintiff that this was inconsistent with the trial court granting custody of the two and one-half year old daughter to the father. In view of the circumstances set forth in the record, and especially considering the fact the defend-

ant did not want the custody of the boy, we do not ascribe such effect to the trial court's division of custody.

■ We wish to point out, of course, that a divorce decree insofar as custody of minor children is concerned is always subject to modification upon showing a change of condition. 12 O.S.1961, § 1277.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and HODGES, JJ., concur.

BLACKBIRD, J., dissents.