Cheryl A. BOYLE, Appellant,

v.

Stephen W. BOYLE, Appellee.

No. 51909.

Supreme Court of Oklahoma.

Aug. 6, 1980.

As Corrected Aug. 7, 1980.

Gable, Gotwals, Rubin, Fox, Johnson & Baker, Tulsa, for appellant.

Daniel S. Buford, Tulsa, for appellee.

IRWIN, Vice Chief Justice.

The wife appealed from that part of a divorce decree which granted custody of the couple's three minor boys to the husband. The Court of Appeals reversed the custody part of the judgment with instructions to grant custody to the wife. The husband seeks certiorari.

The three minor boys were aged ten, seven and five at the time of the divorce proceedings. The Court of Appeals found that neither the husband nor the wife was unfit; that there was no evidence that shows either parent to be better suited to have custody; and that the district court's judgment awarding custody to the father was predicated solely upon the best interest of the children. It determined that since the children were all under ten years of age, they can be considered to be of tender years, and therefore, all things being equal, the maternal preference in 30 O.S.1971, § 11, is controlling.[1] The Court cited with approval *Gordon v. Gordon*, Okl., 577 P.2d 1271 (1978) and found the trial court abused its discretion in granting custody to the husband.

We adopt the following language from the opinion of the Court of Appeals:

"A careful review of the entire record reveals that both parties sought to do what was in the best interest of the children despite their inability as husband and wife to co-habitate in peaceful harmony. Both parties felt that the other loved the children and that each in his or her own way strived to produce a favorable environment for the children. The parties were at odds as to what was the proper measure of discipline, and both tended to yell at the children. The husband found fault with the wife's housekeeping, and the wife felt that the husband's devotion to his work precluded him from giving the requisite parental attention a child needs in his formative years.

The husband emphasized that the wife's inability to properly care for the home was especially crucial since two of the boys suffer from significant health problems. One has a severe heart defect which makes him peculiarly susceptible to sickness, and one has bronchial asthma. All three boys have significant speech problems, which appear to derive from other than physical causes. It was the husband's contention that the best interest of the children would be served if he were granted custody, and he could hire a live-in housekeeper who would in his esti-

---

1. 30 O.S.1971, § 11, provides:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may con-

sider that preference in determining the question.

2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

mation properly clean the house and care for the children during his working hours. The husband admittedly worked long hours in his employment during the course of his marriage to supply his family with the necessities of life and a few extras. He had often done other work on the weekends to supplement his salary which necessitated his absence from home. At the time of the divorce he was endeavoring to start his own business; however, it is undisputed that the husband did spend a lot of time with the boys and did attend their extra-curricular activities."

In construing § 11, *supra*, in *Gordon* we said:

"There is nothing within this statute which prohibits a judge from placing a child, regardless of his or her age, with the father where the evidence supports a finding that the father will be the better custodian and paternal custody will serve the child's best interest.

The gender preferences of 30 O.S.1971, § 11, are intended to direct the trial court's determination of custody only when the scales are relatively balanced between the attributes of both parents, and the statute should be used only in such a situation."

In determining the custody of minor children in a divorce case, the best interest of the children should be the paramount consideration, and where it does not. appear that the trial court abused its discretion in the matter, this court on review will not reverse the order of the trial court. *Perry v. Perry*, Okl., 408 P.2d 285 (1965). In *Perry*, we said there is a good reason for the existence of this rule. The trial court is confronted with the parties themselves and the witnesses. It is better able to determine a controverted issue of fact than is this court, which of necessity, is permitted only to consider the dry, printed words in the record.

■ Where both parents are shown to be equally fit to have custody of a child of tender years, and the child's best interest would be equally served in the custody of either parent, the custody of such child should be placed in the mother. Section 11 is not concerned entirely with the rights of parents to their children. "In addition to, and far beyond their rights, the paramount purpose of the statute is to serve the welfare and best interests of children." *Gordon, supra*, at 1277.

*Gordon* did not modify the established rule that in determining the custody of minor children that the best interest of the children should be given paramount consideration, but *Gordon* makes it clear that custody of children of tender years may be awarded to the father although the mother is found to be a fit and proper person to have custody.

Section 11 is not a gender-based discrimination statute. *Gordon* construes it as a "tie-breaker," i.e., it should be utilized only when the scales are relatively balanced between the attributes of both parents and the child's welfare and best interests would be equally served in the custody of either parent. However, section 11 should not be utilized if the welfare of a child of tender years would be better served in the custody of one parent although both parents are fit and proper to have custody. Custody should be granted to the parent in whose custody the welfare of the child would be better served.

■ In the case at bar, the trial court heard the testimony, observed the witnesses and stated: "The custody of the three minor boys, after consideration of what appears to the court to serve the best interest of those children, considering their age and the fact that they are all male, is awarded to the father."

The petition in error in this case was filed prior to the time our opinion in *Gordon* was promulgated. Although the trial court did not have the benefit of our pronouncement in *Gordon*, its judgment is consistent with *Gordon*. Assuming, *arguendo*, that one or more of the minor boys is of tender years, the finding of the trial court that the best interest of the minor boys will be better served in the father's custody is not against

the clear weight of the evidence. See *Irwin v. Irwin*, Okl., 416 P.2d 853 (1966).

We find nothing in the record indicating that the trial court, after hearing and observing the parties and the witnesses, believed both husband and wife could equally provide for the best interests of the children. The trial court specifically found that the husband could serve their best interest. It did not abuse its discretion in awarding custody to the husband.

CERTIORARI GRANTED; DECISION OF THE COURT OF APPEALS VACATED; AND JUDGMENT OF THE DISTRICT COURT AFFIRMED.

LAVENDER, C. J., and WILLIAMS, BARNES, SIMMS, HARGRAVE and OPALA, JJ., concur.

HODGES and DOOLIN, JJ., concurring in result.

HODGES, Justice, concurring in result.

Although I agree with the result reached by the majority opinion, I cannot concur with that part of the opinion which states "30 O.S. 1971 § 11 is not a gender-based discrimination statute."

In *Gordon v. Gordon*, 577 P.2d 1271 (Okl. 1978) cert. den'd. 439 U.S. 863, 99 S.Ct. 185, 58 L.Ed.2d 172 (1978), this Court held that the gender-based discrimination directed by 30 O.S. 1971 § 11 was intended to be applied only when the scales were relatively balanced between the attributes of both parents. In essence, 30 O.S. 1971 § 11 was determined to be used as a "tie-breaker."

The ultimate decision must rest not on the sex of the parent, but which parent will do better in caring for the children. Custodial awards must be made upon what the evidence actually reveals in each case, not upon what someone predicts it will show in many cases.[1]

The trend in legislation,[2] legal commentary, and judicial decisions is to abandon fixed rigidity of the tender years presumption in favor of a flexible and unbiased consideration based solely on the best interest of the children coupled with an analysis of the individual characteristics, qualifications, and relationships of the involved parents and children.[3]

The gender preference rule is sexually discriminatory on its face and discriminatory as applied by the courts. It is unconstitutional as a denial of equal protection to both sexes. Although *Gordon* found the statute to be constitutional under any standard of review, in actuality, it denies equal protection under every standard.[4] The statute is arbitrary, and under enlightened psychological and pragmatic considerations not only does it bear no rational relationship to the objective it seeks to accomplish, it also fails to withstand the test of strict scrutiny. There is no compelling interest justifying the law, and the distinctions established by the statute are not necessary to further its purpose.[5] The verbiage of 30 O.S. 1971 § 11(2) which states, "but, other

1. *Johnson v. Johnson*, 564 P.2d 71, 74 (Alaska 1977).

2. The Uniform Child Custody Jurisdiction Act, 10 O.S. Supp. 1980 § 1605(D), enacted as H.B. 1741 effective October 1, 1980, provides: "The controlling criteria for awarding custody by a court of this state shall always be what is in the best interest of the child, other statutory provisions merely being factors which may be considered."

3. *Bingham v. Bingham*, 575 P.2d 703, 704 (Utah 1978).
   Podell, Peck and First, "Custody To Which Parent?" 56 Marq.L.Rev. (1972); Foster and Freed, "Child Custody," 39 N.Y.U.L.Rev. 422 (1964).

Colorado Rev.Stat. 46-1-5(7) provides: "No party shall be presumed to be able to serve the best interests of the child better than any other party based on sex."
See also Fla.Stat. 61.13(2) F.S.A. (1971) and Wis.Stat. 247.24(3) (1971).

4. M. Trotter, "Examining Oklahoma's Maternal Preference Doctrine;" *Gordon v. Gordon*, 13 Tulsa L.J. 802 (1978).

5. See *Thayer v. Phillips Petroleum Co.*, 613 P.2d 1041 (Okl. June 17, 1980) for discussion of the two standard tests, [i.e., 1) the rational relationship of distinctions to a legitimate state purpose, 2) strict scrutiny of classifications involving fundamental interests] used to review legislative classification in cases involving the equal protection clause.

things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father," should be stricken as unconstitutional.

I am authorized to state that DOOLIN and OPALA, JJ., concur in the views herein expressed.