Shelly Frank BROWN, Appellee,

v.

Lisa Michelle BROWN, Appellant.

No. 79471.

Court of Appeals of Oklahoma, Division 1.

Aug. 17, 1993.

As Corrected Sept. 3, 1993.

Rehearing Denied Oct. 5, 1993.

Certiorari Denied Jan. 12, 1994.

---

Timothy L. Olsen, Michelle K. Price, Tulsa, for appellant.

Sharon L. Corbitt, Tulsa, for appellee.

### *MEMORANDUM OPINION*

JONES, Presiding Judge:

Former wife in this divorce action has appealed the trial court's decision to award custody of an infant daughter to former husband. We have reviewed the trial court record and find no error. We therefore affirm the trial court's decision.

Appellant, Lisa Michele Brown, and Appellee, Shelly Frank Brown, were bound in marriage for only a year when Shelly filed for divorce on the grounds of incompatibility in late August of 1990. During the marriage, a daughter, Brandi, was born. The trial court's ruling as to custody of Brandi is the focus of the parties' dispute on appeal.

We are mindful of the standard of review to which this Court must adhere in reviewing the trial court's decision: The trial court's choice of which of the contestants in a divorce case should have custody of a minor child is a matter of equitable cognizance. Consequently, the trial court will not be reversed unless its decision is against the weight of the evidence. *See Gorham v. Gorham,* 692 P.2d 1375, 1378 (Okla.1984). We also acknowledge the deference which appellate courts will usually accord to the trial court unless there is some clear showing that such deference is not appropriate. The trial

court was confronted with the witnesses, and was therefore in a much better position to assess the credibility of those witnesses; meanwhile, this Court has before it only the "the dry, printed words in the record." *Perry v. Perry*, 408 P.2d 285, 287 (Okla.1965); *see Boyle v. Boyle*, 615 P.2d 301, 303 (Okla. 1980); *Miles v. Young*, 818 P.2d 1258, 1263 (Okla.Ct.App.1991).

In this case, Michele has appealed the trial court's ruling denying her motion for new trial. The deferential standard of review is therefore particularly apposite. The trial court is granted broad discretion in ruling on a motion for new trial, and unless it appears the court erred in some pure, simple question of law or acted arbitrarily, its ruling will not be reversed on appeal. *Poteete v. M.F.A. Mutual Insurance Co.*, 527 P.2d 18, 22 (Okla.1974).

The trial court record includes the testimony and reports of an expert witness, who performed psychological testing and evaluation of each of the parties, and whose qualifications and expertise were not questioned. The expert perceived both Michele and Shelly to have a good relationship with young Brandi. Other factors, however, influenced both the expert and the trial court to conclude that Shelly Brown was the better choice to have custody of the child. Specifically, the expert noted Michele's tendency toward dissembling and denial, and a high degree of evasiveness in her responses to questions. He recommended placement of Brandi with Shelly.

The trial witnesses tend to support these concerns about Michele's trustworthiness. One of Shelly's co-workers testified that during the brief term of the marriage, Michele arranged a meeting with him and then bluntly propositioned him. Testimony of similar tone came from the man with whom Shelly shared a house, relating to an incident after the couple had separated.

There is, as Michele contends, some evidence in the record of violent or aggressive behavior on Shelly's part. She testified

that Shelly once shoved her roughly up against a doorway in their home, and on another occasion broke out the windows in another man's car—he apparently believed that Michele had been carrying on an extramarital affair with the man, a conclusion which is not entirely unsupported by the evidence. On another occasion, Shelly became very upset at what he perceived to be Michele's lack of fidelity and made verbal threats of violence against her.

We do not wish anything said here to be construed as approval of Shelly's behavior. As he readily admitted, his temper got the best of him on those occasions (and a few others involving third parties). Even so, we do not see in this behavior any sort of pattern of abuse; much less do we find any evidence which supports Michele's claim that Shelly's acts constitute "ongoing domestic abuse" within the meaning of that phrase in 43 O.S. § 112.2. *See also* 10 O.S. § 21.1(D).

The phrase "ongoing domestic abuse" should be construed with reference to the definition of "domestic abuse" found in the criminal statutes. The Protection From Domestic Abuse Act, 22 O.S.1991 §§ 60 *et seq.*[1] defines "domestic abuse" as "any act of physical harm, or the threat of imminent physical harm[,] which is committed by an adult, emancipated minor, or minor age sixteen (16) or seventeen (17) years against another adult, emancipated minor or minor child who are family or household members." 22 O.S. 1991 § 60.1(1).

The word "ongoing" adds two connotations to that definition: first, the objectionable conduct must still be occurring or have recently occurred; and, second, at least some suggestion that the abuse is developing or evolving. *See, e.g.,* Webster's Third New International Dictionary 1576 (1986). We therefore construe the phrase "ongoing domestic abuse" to mean abuse which is still occurring, or has occurred with sufficient frequency and recency to give rise to some *expectation* that it will continue or will recur, and thus will constitute a threat to any child

---

1. The Act was amended in 1992 to include provisions on harassment and stalking which are not relevant to this case.

of whom the abusive person is granted custody. As such, "ongoing domestic abuse" is not merely one or two isolated instances of proscribed behavior.

The paramount concern of the trial court in making custody decisions is the best interests of the child. 10 O.S. § 21.1; *Manhart v. Manhart,* 725 P.2d 1234, 1237 (Okla. 1986). We cannot say, having reviewed the entire record, that the trial court's decision to award custody of Brandi to her father instead of to her mother was erroneous, or that its denial of Appellant's motion for new trial was an abuse of discretion.

The judgment of the trial court is AFFIRMED.

HANSEN, C.J., and ADAMS, J., concur.