1998 OK CIV APP 71

**Larry SMITH, Plaintiff/Appellee,**

v.

**Alta Jo SMITH, Defendant/Appellant.**

**No. 89574.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 5, 1998.

Lauren LeBlanc Day, Oklahoma City, for Defendant/Appellant.

Dan A. Erwin, Chandler, Oklahoma, for Plaintiff/Appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

¶1 Plaintiff, Larry Smith (Father), and Defendant, Alta Jo Smith (Mother), were married in 1988. Their only child was born in 1993. In December 1995, Father filed a petition for divorce. The next day, Mother applied to the district court for a temporary restraining order on the basis that four days earlier, Father had physically and verbally abused Mother, threatened to kill her, and threatened to kill himself, all in the presence of the child. On December 13, 1995, the trial court gave Father temporary custody of the child. After a trial, the trial court granted a divorce to the parties and awarded Father custody of the child and awarded visitation to Mother. Mother appeals this portion of the divorce decree.

¶2 Mother argues the trial court erred in denying admission of evidence of ongoing domestic abuse and abused its discretion by awarding custody of the child to Father. Title 43 O.S. § 112.2 provides:

In every case involving the custody of, guardianship of or visitation with a child, the court shall consider evidence of ongoing domestic abuse which is properly brought before it. If the occurrence of ongoing domestic abuse is established by clear and convincing evidence, there shall be a rebuttable presumption that it is not in the best interest of the child to have custody, guardianship or unsupervised visitation granted to the abusive person.

¶3 In *Brown v. Brown,* 1993 OK CIV APP 142, 867 P.2d 477, a child custody case, the Court of Civil Appeals held the phrase, "ongoing domestic abuse," means abuse which is still occurring or has occurred with sufficient frequency and recency to give rise to some expectation that it will continue or will recur and, thus, will constitute a threat to any child of whom the abusive person is granted custody; ongoing domestic abuse is not merely one or two isolated instances of proscribed behavior.

¶4 Moreover, ongoing domestic abuse should be construed with reference to the definition of domestic abuse found in the criminal statutes. The Protection From Domestic Abuse Act, 22 O.S.1991 § 60 *et seq.,* defines "domestic abuse" as "any act of physical harm, or the threat of imminent physical harm, which is committed by an adult, emancipated minor, or minor age sixteen (16) or seventeen (17) years against another adult, emancipated minor or minor child who are family or household members." 22 O.S.1991 § 60.1(1). In the *Brown* case the Court of Civil Appeals noted the behavior of the father did not form a "pattern of abuse."

¶5 Herein, a witness testified Father dragged Mother by her feet down the sidewalk, that he slapped Mother while he was holding the child, and that he tore apart the child's crib. Another witness testified Father hit Mother, gave her a black eye and explained he has to hit something when he gets angry. Mother testified Father flung the child's crib against the wall with the four month old child in it. Another witness testified that during one incident, Father repeatedly screamed, "Shut the ——up" in the child's face. Yet another witness testified she found Father violently shaking the then 15 month old child and screaming at her to "shut up." Evidence of Father's physical abuse of Mother, when she was pregnant with the child was denied as being too remote in time.

¶6 Although Mother complains the evidence not admitted at trial, together with evidence admitted, constitutes ongoing domestic abuse, this Court finds the evidence admitted, alone, constitutes ongoing domestic abuse. Father denied ongoing domestic

abuse. The evidence admitted meets the *Brown* test for frequency and recency. Thus, there arises a presumption it is not in the best interests of the child for Father to have custody of her. Father did not rebut this presumption.

¶ 7 A trial court's choice of which of the parents in a divorce case should have custody of a minor child is a matter of equitable cognizance and consequently, the reviewing court will not reverse the trial court unless its decision is against the weight of the evidence. *Brown v. Brown, supra.* Herein, there was clear and convincing evidence of ongoing domestic abuse committed by Father. The trial court abused its discretion in awarding custody of the child to Father. Therefore, that portion of the divorce decree is reversed, and the issues of visitation and child support are remanded to the trial court for reconsideration.

¶ 8 Mother's request for appeal-related attorney fees is denied.

REVERSED AND REMANDED WITH DIRECTIONS.

ADAMS, J., and BUETTNER, P.J., concur.