JACKSON v. JACKSON.

No. 33110.   May 18, 1948.

*193 P. 2d 561.*

Howard K. Berry, of Oklahoma City, for plaintiff in error.

Gordon C. McBride and C. J. Pinkston, both of Oklahoma City, for dedendant in error.

WELCH, J. Virginia Jackson filed suit for divorce against her husband, Alfred Jackson. The defendant filed answer and cross-petition. At the trial of the case both parties were present and each represented by counsel and both parties introduced testimony. Judgment was entered for the defendant on his cross-petition granting divorce and ordering that the care, custody and education of the two and one-half year old female child of the parties be confided to the defendant. No appeal was taken and the decree of divorce became final.

This is an appeal from an order overruling a motion to modify the decree with reference to the custody of the child. The hearing on the motion was had approximately one year after the original order and judgment and at a time when the child was approximately three and one-half years old.

The testimony offered in this hearing in support of the motion concerns the care and treatment of the child by the defendant since the divorce. It was shown that the defendant had left the child with his sister-in-law at varying times during his work hours, and that he had last left the child with his mother with whom he had established a home and while he was away in the pursuit of his employment.

It does not appear that the child has suffered from such care, or from any harmful association since the award of custody to defendant as to justify modification of the decree, or that defendant has been guilty of such neglect or improper course of conduct as to indicate that he is not a proper person to rear the child.

In this appeal plaintiff makes no contention based on a showing of change in the condition of either of the parties or in their habits, character and fitness to have custody and care of the child, occurring since entry of the divorce decree. Plaintiff contends the trial court ignored the best interests of the child and gave consideration only to the interests and claims of the parents in awarding custody to defendant. Argument is presented based on the age and sex of the child and plaintiff's motherhood. It is asserted that the record in the divorce case and herein does not show that the plaintiff was immoral or otherwise an unfit and improper person to have custody of her child.

It is apparent that the age, sex and relationship of the child to the parties was known to the court at the time the divorce was granted. The decree fixing the custody of the child is final on the condition then existing. 12 O. S. 1941 §1277 provides:

"When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper, either before or after final judgment in the action."

The modification of a decree for the care and custody of minor children of

divorced parents must be based upon some change in circumstances relating thereto or occurring since the rendition of the original decree, or upon some fact not known at the time of such decree.

In awarding the custody of children of divorced parents, the best interest and welfare of the child is the paramount question, and courts must be guided first by what appears to be for their temporal, mental and moral welfare, 30 O.S. 1941 §11; Morris v. Morris, 81 Okla. 222, 198 P. 70; Barnett v. Barnett, 158 Okla. 270, 13 P. 2d 104, and Seddicum v. Seddicum, 167 Okla. 420, 30 P. 2d 156.

In a divorce case and contest between parents over the custody of a child of the marriage, evidence is usually presented touching the character, conduct and reputation of the parties, or other evidence tending to throw light on their relative fitness to be custodians of the child.

The record of the testimony given in the trial of the divorce case between the parties hereto is not herein presented. The journal entry of the judgment therein recites that the court found from the evidence that custody of the child should be decreed to the defendant.

In awarding the custody of the child, the welfare of the child was the paramount question for the court to consider. The relative fitness of the parties to have custody of the child and the best interest of the child was then determined.

The argument presented herein based on the assertion that there was no showing that the plaintiff was not a fit and proper person to have custody has reference to the evidence presented when the decree was entered and the determination then made.

As noted in 17 Am. Jur., Divorce and Separation, 684:

" . . . . A decree fixing the custody of a child is, however, final on the conditions then existing and should not be changed afterward unless on altered conditions since the decree or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child."

The plaintiff has not shown such change in the circumstances relating to the minor child occurring since the decree of divorce was rendered as to render modification proper, or any material facts existing at the time of the decree unknown to the court that would warrant a modification of the decree.

The judgment is affirmed.

HURST, C.J., and RILEY, CORN, GIBSON, and LUTTRELL, JJ., concur.