WATSON v. WATSON.

No. 33538. Dec. 13, 1949.

*212 P. 2d 667.*

Shutler, Shutler & Bradley, of Kingfisher, for plaintiff in error.

Karl D. Cunningham, of Kingfisher, for defendant in error.

O'NEAL, J. This is an appeal from an order of the district court of Kingfisher county modifying its prior order and decree in a divorce proceeding relative to the custody of the minor child of the parties.

The divorce was granted on the 2nd day of April, 1947, on petition of the wife, Leona Mae Watson, plaintiff in the action, against the husband, Cecil Orbra Watson, defendant. The decree awarded the custody of the minor child, then two years of age, equally between the parties.

On the 7th day of February, 1947, defendant filed application and motion to modify the decree relative to the custody of the child on the ground that subsequent to the granting of the divorce, conditions had developed which rendered plaintiff unfit to care for and rear the child and asked that full custody be awarded to him.

In response to the motion, plaintiff filed a countermotion in which she asked that the prior decree be modified and full custody and control of the child be awarded to her.

The trial court, after full hearing, modified its prior decree and awarded custody of the child to plaintiff for three months of each year and to defendant nine months of each year until further order of the court, with the right of reasonable visitation on the part of both parties. Both parties have appealed and assert that the order made

is against the clear weight of the evidence and contrary to law.

The evidence shows that subsequent to the decree granting the divorce, both parties have again married. Defendant's present wife is the mother of two minor children of a prior marriage, and plaintiff's present husband is the father of a minor child of a prior marriage.

Considerable evidence was offered touching the ability, fitness and willingness of both parties to care for, rear and educate the child.

Defendant is an employee of his father in a grocery store in the city of Kingfisher and is earning a salary of $200 per month. He has no other income. He has, however, subsequent to the decree of divorce, acquired a vacant lot in Kingfisher and had at the time of the trial closed a contract for the building of a modern five-room home thereon to be occupied by himself and family. The evidence shows that his father is assisting him financially in the building and construction of the house. The evidence clearly shows that defendant, the father, is a proper person to have the care, control and custody of the child. It is shown that the child has become very much attached to defendant's present wife, its stepmother, and that she also has a great affection for the child, and that during the time defendant has had custody of the child, under the former order of the court, she has treated the child the same as though it were her own.

The rule is, in cases of this character, in awarding the custody of a minor child of the parents, the best interest and welfare of the child is the paramount question, and courts must be guided by what appears to be the temporal, mental and moral welfare of the child. Jackson v. Jackson, 200 Okla. 333, 193 P. 2d 561.

The trial court after weighing the evidence found and concluded that the best interest of the child required that

his custody be awarded to the father, defendant herein, for the major portion of the time.

We cannot say that the court abused its discretion in so finding or holding or that such finding is clearly against the weight of the evidence. It will therefore not be disturbed by this court on appeal.

Plaintiff at the hearing of the motion made application for the allowance of $30 temporary attorney fees and $50 permanent attorney fee for defending the motion. The trial court allowed the $30 temporary fee, but declined to allow any additional permanent fee. Plaintiff also appeals from this order and asserts that the amount allowed as attorney fee is wholly inadequate and that the court erred in not allowing the full fee as requested.

The evidence shows that the court allowed the plaintiff $50 attorney fee in the original action; that defendant has a very moderate income and is not financially able to pay a great amount in attorney fees. In determining the amount of attorney fee that should be allowed the wife in a case of this character, the court may and should take into consideration the financial ability of the husband to pay and should make such allowance as is reasonable and just under all the facts and circumstances of the particular case. Richard v. Richard, 142 Okla. 302, 286 P. 900.

The application for allowance of an attorney fee to the wife in such case is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed on appeal in the absence of a showing of abuse of discretion, Banta v. Banta, 202 Okla. 86, 210 P. 2d 346. No abuse of discretion is shown.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.