### MORGAN v. MORGAN.
### No. 35910.

Supreme Court of Oklahoma.
March 2, 1954.
Rehearing Denied April 13, 1954.

Schwoerke & Schwoerke, C. W. Schwoerke, Oklahoma City, for plaintiff in error.

Miskovsky & Miskovsky, Oklahoma City, for defendant in error.

CORN, Justice.

In July, 1951, Irene Morgan, hereafter called plaintiff, filed suit for divorce against Max V. Morgan, hereafter called defendant. The parties agreed upon a property settlement and further agreed defendant was to have the custody and care of the minor child. Defendant filed waiver of appearance and both parties thereafter appeared for the hearing. The plaintiff testified to the truth of her petition and was granted a decree of divorce on the ground of extreme mental cruelty. The journal entry of that case reflects that custody of the minor child was granted to defendant, the trial court requiring both parties to sign the journal entry of judgment as evidencing their understanding and agreement in the matter. The decree of divorce was rendered August 13, 1951.

One year thereafter the plaintiff filed her application for custody of the minor child, such application being assigned to the same trial judge who entered the decree of divorce. Her amended application, upon which the matter was heard, alleged that at the time of the divorce plaintiff had no home and was induced to enter the agreement as to the child's custody as a temporary arrangement, with the understanding that when she became settled defendant would permit her to have custody of the child; plaintiff had since remarried and has a suitable home in which to care for the child, who needed the care and attention of his own mother. She asked judgment modifying the original divorce decree, by awarding plaintiff custody and requiring defendant to pay a reasonable sum for support and maintenance of the child.

Defendant demurred to plaintiff's application, upon the ground no change of condition was alleged as affecting the child's welfare such as would justify a change in custody. The demurrer was overruled and the court proceeded to hear the matter at length. Defendant's demurrer to plaintiff's evidence upon the ground the proof failed to show a change of condition respecting the welfare of the minor child was overruled.

At the close of all the evidence the trial court stated that in his opinion either of the parties was competent to have custody of the child, and while the parties could not enter into a contract respecting custody of the child, in view of the record, and the law applicable to such situations as announced in Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561, there was no evidence which would justify a decree changing custody of this child. The court thereupon continued custody in the defendant, but awarded plaintiff custody for two months of each year, the child to be delivered and returned at defendant's expense.

Plaintiff filed motion for new trial. After a hearing the trial court granted

plaintiff's motion, set aside the former order, and directed that the case be assigned to another judge, since for personal reasons he did not wish to proceed further in the matter.

In appealing from the trial court's order the defendant presents the single proposition that plaintiff's application for change of custody, together with the evidence in support thereof, did not state or prove facts sufficient to vest the trial court with jurisdiction to change the original decree relative to custody of the minor child.

Defendant argues that although the statute, 12 O.S.1951 § 1277, vests in the trial court continuing jurisdiction over the custody of a minor child in a divorce action, nevertheless such jurisdiction can only be invoked upon allegation and proof of a change of condition affecting such child's welfare. Thus it is urged that our decision in Jackson v. Jackson, supra, precludes consideration of the hopes, inclinations or status of the parties occurring after rendition of the final decree, so that the only manner in which a trial court can acquire jurisdiction to modify such decree is by allegation and proof that the child itself is not properly cared for, or that its welfare is in jeopardy. Upon this basis defendant concludes that since the only allegation and proof herein concerned plaintiff's desire and present ability to care for the child (because of her new situation) the demurrer to the application or defendant's demurrer to plaintiff's evidence should have been sustained.

The statute, Sec. 1277, provides:

"Care and custody of children.— When a divorce is granted, the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."

■ It stands without argument that a trial court is vested with continuing jurisdiction concerning the custody and welfare of a minor child in a divorce ac-

tion. And, this authority always is to be exercised with the view in mind of what is to the best interests of such child. Jackson v. Jackson, supra, and cases therein cited. While the Jackson case, supra, points out that modification of a decree of custody is to be based upon some change of circumstances relating thereto, there is nothing in the language used indicating any limitation upon what may be taken into consideration in passing upon the question as to whether there has been a change of circumstances sufficient to justify a change in custody.

The entire determination of the question must be in the light of what is to the child's best interests. Thus a trial court might properly take into consideration the advantages to be afforded a child of tender years by enjoying a home with a parent who was unable to offer a home at the time the original custody decree was entered. Hence an allegation of such fact necessarily would be sufficient to invoke the trial court's jurisdiction to consider an application for change of custody based thereon. This would seem true particularly in view of our statutory provision, 30 O.S.1951 § 11, giving the natural mother preference in the matter of custody of a child of tender years, other things being equal.

■ Upon hearing the motion for new trial the court stated his dissatisfaction with the judgment rendered and then sustained the motion, set aside the judgment previously rendered, and ordered the case transferred from his docket. We adhere to the rule that the trial court is vested with broad discretion in ruling upon a motion for new trial, and the court's action in granting new trial will not be disturbed on appeal unless the court clearly erred in some pure, simple, unmixed question of law, or acted arbitrarily or capriciously. Thompson v. Chamblee, 206 Okl. 602, 245 P.2d 716; Carpenter v. Buellesfeld, 187 Okl. 213, 102 P.2d 119. The trial court's comments indicated clearly that he was dissatisfied with the judgment. No contention is made that the trial court erred as a matter of law, and it does not appear that the ruling on the motion resulted from

arbitrary or capricious action in consideration thereof.

Judgment affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.