**Frank Kent EBY, Plaintiff in Error,**

v.

**Bobby Lou EBY, Defendant in Error.**

No. 38501.

Supreme Court of Oklahoma.

Dec. 15, 1959.

John Connolly, Oklahoma City, for plaintiff in error.

Bailey & Whitlock, Norman, for defendant in error.

IRWIN, Justice.

This is an action to modify that portion of a decree of divorce awarding the care, custody, control and education of a minor child to the husband.

The original divorce proceeding was commenced by the husband. He alleged incompatibility and the birth of the child and prayed for an absolute divorce, custody of the child, and an equitable division of the property. A contract for a property settlement was entered into and filed and the wife signed a waiver of the issuance and service of summons. On November 15, 1957, the trial court approved the property settlement, awarded the care and custody of their minor child, who was then three years of age, to the husband, and granted him a divorce as prayed for.

■ On March 14, 1958, the wife filed her motion to modify that portion of the decree relating to the care, custody, control and education of the minor child. She alleged that conditions had changed since the entry of the divorce decree; that at the time the divorce was granted, she was ill and under medical treatment and unable to care for the child; that since the divorce she has regained her health and strength; that she has steady employment and a home where all the facilities and conditions are favorable for the proper care and rearing of the child and as its natural mother she is entitled to its custody.

The husband filed no formal pleadings but appeared and defended against the motion to modify. After a complete hearing, the trial court modified the decree by awarding the care and custody of the minor child to its mother. From this order, the husband has perfected this appeal. The parties will be referred to as they appeared in the original divorce proceeding; that is, the husband will be referred to as the plaintiff and the wife as the defendant.

The plaintiff contends there is no substantial proof that there is a change of condition since the entry of the divorce decree, and there are no allegations or evidence that plaintiff and his present wife are not fit and proper persons to rear and care for the child; that defendant's conduct prior to and at the time of the divorce was simulated in an effort to get a good property settlement; that she is in no different condition now than she was at the time plaintiff was awarded custody of the child.

■ In this connection plaintiff relies upon Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561, where the trial court refused to modify a decree of divorce awarding the care and custody of a minor child to the husband and the judgment of the trial court was affirmed on appeal. In the Jackson case, there was no change of condition after the divorce decree of either of the parties or in their habits, character or fitness to have the care and custody of the minor child. This court said the trial court in the divorce proceeding had determined the relative fitness of the parties to have the care and custody of the child and the mother had not shown any change of condition since the divorce decree to warrant a modification thereof.

The Jackson case is distinguishable from the case at bar, for in the instant case the trial court found and the evidence discloses that there has been a change of condition since the decree of divorce.

We have carefully reviewed the testimony and there is sufficient evidence to disclose that prior to the entry of the di-

vorce decree, the defendant was nervous, sick, upset and did not know the cause of her condition and was very apprehensive that something was organically wrong with her. That she recognized this condition and had taken proper treatment and at the time of the hearing on the motion to modify was a completely normal person.

Defendant testified that at the time the divorce was granted she was under the care of Dr. M. and Dr. K. of Oklahoma City and Dr. S. of Norman; that she was very nervous, upset and emotionally disturbed; that she had gone to a hospital in Missouri for additional treatment after the divorce was granted. That she is now completely recovered from the nervous condition and there is nothing organically wrong with her; that she is employed and living with her parents and the accommodations at her parents' home are such it would make a good home for the child and her parents had agreed she could bring the child there. This was corroborated by the parents. Dr. S. testified there was no indication whatsoever of an abnormality. She also produced six witnesses who testified that she was nervous and upset and seemed to be greatly disturbed at the time of the divorce but that she is now perfectly normal and able to care for the child.

The plaintiff testified that he remarried on February 22, 1958, and was living in Waco, Texas; that the child is living with him and his present wife; that he did not tell the defendant he was taking the child outside the state, nor did he get permission from the court to do so. He further testified he got the divorce at the suggestion of the defendant; that she informed him that she had an abnormality and for him to take the child and raise her. That her statement to him was the first intimation he had of such condition.

The facts in the case at bar are similar to those in Lewis v. Sisney, 205 Okl. 599, 239 P.2d 787. In the Lewis v. Sisney case, the wife was granted a divorce but the care and custody of the minor children were awarded to a sister of the husband. At the time of the divorce and for some time thereafter, the wife was nervous and needed medical attention and was residing in a boarding house without funds to care for the minor children. Subsequent to the divorce proceedings, the wife regained her health, obtained steady employment and was able to care for and educate her children. There was no evidence that the custodian of the children was not a fit and proper person or that she was not properly rearing and educating the children. An application was filed to modify the divorce decree with reference to the custody of the minor children and the trial court modified the decree by granting custody to the mother and the same was affirmed by this court on appeal.

We have repeatedly held that the paramount consideration of the court in matters involving a minor child of divorced parents is the best interest of the child, and where it does not appear that the trial court has abused its discretion this court will not reverse the judgment. Bowring v. Bowring, 196 Okl. 520, 166 P.2d 415; Lewis v. Sisney, supra; Gilcrease v. Gilcrease, 176 Okl. 237, 54 P.2d 1056; Bush v. Bush, 185 Okl. 443, 92 P.2d 363.

After carefully reviewing the testimony we cannot say there is a lack of substantial evidence to show a change of condition and to support the order of the trial court in modifying the decree of divorce and the trial court did not abuse its discretion in awarding the custody of the child to the defendant.

The defendant did not seek, nor was she granted suit money, including attorney fees in the trial court, but in her brief she requests this court to make an allowance of $300 for attorney fees for defending in this court. In view of the very liberal division of property granted to her by the trial court, in accordance with the property settlement agreement, we feel a fee of $200 is sufficient and the same is hereby allowed and the plaintiff is directed to pay all

costs. It is further directed that this order for attorney fees and costs be entered as a judgment in this cause in the District Court of Cleveland County, Oklahoma, and be enforced as other judgments in that court.

Order affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, and JACKSON, JJ., concur.

BLACKBIRD, J., dissents.