Kenneth NESS, Plaintiff in Error,

v.

Barbara NESS, Defendant in Error.

No. 38862.

Supreme Court of Oklahoma.

Dec. 20, 1960.

**974**

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for plaintiff in error.

Arthur J. Boose, Bartlesville, for defendant in error.

BERRY, Justice.

The parties hereto were granted a divorce on the ground of mutual incompatibility. The decree, entered on June 5, 1957, recites that while both are fit parents, "it is at the present time to the best interest of the children" that their custody be confided to the father. Under the terms of the decree, the mother was to have the children on Wednesday and Saturday nights and on Sunday until 6:00 p. m. She was further granted the right to visit them "at all reasonable places, times and intervals."

On January 7, 1958, the mother applied for an order modifying the provisions of the decree and sought full custody. On June 18, 1958, the trial court, after hearing evidence, directed by its order that the father retain the custody of the children. The mother was granted the right to have them on Saturday and Sunday of the fourth week of each month. Both parties were restrained, under penalty of contempt, from interfering with or molesting one another.

The present application for change of custody was filed by the mother on May 13, 1959. It alleges in substance that (a) father has refused to accord her access to the children in conformity with the terms of the prior order; (b) she has remarried; (c) she is now able to furnish a suitable home for the children and properly care for them. In his response the father states that the mother is an unfit parent and that the children desire, and it is for their best interest, to remain with him. After a full hearing the trial court modified its previous order by awarding the care and custody of the minor children to their mother. The father was accorded the right of custodial visitation on the second and fourth weekends of each month from 4:00 p. m. Saturday until 6:00 p. m. Sunday, and for a period of two weeks during the summer school vacation. From this order, the father has perfected the present appeal. The parties will be given their designation below. The mother will be referred to as the plaintiff and the father as defendant.

Following her divorce, plaintiff worked as a saleslady in the daytime and attended business college at night. Later she enrolled in a course for beauty operators. While learning this trade she was employed evenings as a clerk in a drug store. She has remarried and now occupies a six-room house. Her husband is employed at a fairly comfortable salary. A licensed beautician, she is "renting a booth" from her mother who operates a beauty salon. She can arrange her own working hours and has some savings. If granted the custody of her children, plaintiff testified, she would devote all of her time to their care.

At the time of the trial, the children, both girls, were 7 and 5 years of age. They resided with the defendant at the home of his parents who are both gainfully employed. A good portion of the time the girls remained under the charge of a stranger. Defendant and his mother had been antagonistic and resentful toward the plaintiff. On occasions she had been prevented from seeing the children. Several witnesses related that defendant and his mother had often expressed their dislike for the plaintiff in the presence of the girls.

Defendant contends the trial court erred as a matter of law—(a) in failing to require plaintiff to show some change in circumstances occurring since the rendition of the last order, which by its terms awarded custody to the defendant; (b) in requiring defendant to establish plaintiff's unfitness

as a mother; (c) in allowing plaintiff to relitigate matters determined in the previous custody proceedings.

■ The provisions for care and custody of minor children may not be modified unless it be shown that the circumstances of the parties have changed or unless material facts are disclosed, which were either unknown or could not have been ascertained with reasonable diligence at the time when the last prior determination was made. See Duffy v. King, Okl., 350 P.2d 280 and cases cited therein.

■■ There exists no rigid formula by which to measure the nature of proof necessary to establish a change in circumstances sufficient to justify a revision of the custody arrangements. The paramount consideration in determining the question is the welfare of the child, and the trial court must be guided by what appears to be for the child's interest. Where a mother, because of ill health or other adversities of life, is not in a position to take full custody of her child of tender years, but who is later in a position to take such custody by virtue of being able to provide a suitable home and atmosphere in which to rear the child, it is proper that said change in conditions be considered by the trial court in passing upon an application such as here presented. Lewis v. Sisney, 205 Okl. 599, 239 P.2d 787; Morgan v. Morgan, Okl., 268 P.2d 855; Dodson v. Dodson, Okl., 295 P.2d 1055; Eby v. Eby, Okl., 347 P.2d 1036.

Neither in the original decree nor in the subsequent order had plaintiff been adjudicated an unfit parent. The trial judge correctly observed that her moral character was not in issue unless challenged by the defendant. The evidence shows that until the time her present application was filed she had no suitable home and her living conditions did not enable her to assume the duties of a full-time custodian. Under the existing custody arrangements, as the trial judge remarked, she was being denied adequate access to and association with her children, both of whom are of tender years and need the companionship and love of their mother. Although there is nothing in the record which reflects adversely on the moral fitness of the father, such fact, standing alone, will not militate against nor preclude a change in the custody provisions since the welfare of the children is the controlling consideration. This is especially true here in view of our statutory provisions, 30 O.S.1951 § 11, which give the natural mother preference to the custody of a child of tender years, other things being equal. Blackwood v. Blackwood, 204 Okl. 317, 229 P.2d 602; Morgan v. Morgan, supra; Eby v. Eby, supra.

Although the trial judge (who did not preside over prior hearings in this action) was at first inclined to treat the last order as interloctuory in nature and indicated that a showing of a change in circumstances might be dispensed with, neither party was in any manner limited as to the range of inquiry. In an attempt to fortify their positions, both parties elicited facts occurring previous to the last order. The evidence adduced at prior hearings is not before us. The record does not disclose and counsel does not point out that the conditions existing at the time of plaintiff's preceding application for change of custody were the same as those shown by her in the present proceeding. We, therefore, find no basis for defendant's contention that plaintiff was permitted to relitigate issues concluded by the determination made in the last prior order.

The record viewed in its entirety impels us to the conclusion that both parties are fit persons mindful of their parental responsibilities and solicitous of the needs of their children. While both still bear some bitterness and animosity occasioned by their past discord, plaintiff is desirous that the children continue to enjoy the affection and companionship of their father. We are impressed by her statement to the trial judge that she didn't want to "completely take them (the children) away from the father" but "just wanted the right to love them" herself.

■ The paramount consideration in a proceeding to determine custody of the minor issue of divorced parents is the wel-

fare of the children, and where it does not appear that the order of the trial court is so clearly against the weight of the evidence as to constitute an abuse of judicial discretion, its judgment will not be reversed on appeal. See Eby v. Eby, supra, and the cases cited therein.

After carefully reviewing the testimony, we find substantial evidence to show a change in circumstances sufficient to justify a modification of custody arrangements. The provisions made for the purpose of assuring defendant's continued access to the children are fair and ample. The judgment of the trial court is accordingly affirmed.