383 P.2d 873 (1963)
Lois Fay MILLER, Plaintiff in Error,
v.
Luther N. MILLER, Defendant in Error.
No. 39988.
Supreme Court of Oklahoma.
July 16, 1963.
Wallace & Bickford, Ardmore, for plaintiff in error.
Harley E. Venters, Oklahoma City, for defendant in error.
*874 DAVISON, Justice.
This is an appeal by Lois Fay Miller (plaintiff below) from an order of the lower court in a divorce action reducing child support from $400.00 to $310.00 per month and denying her application for attorney fees. Luther N. Miller (defendant below) has cross-appealed from the order of the lower court denying his application to reduce the child support payments to $200.00 per month. The parties will be referred to as they appeared in the lower court.
In August, 1960, plaintiff sued defendant for divorce, custody and support for their two minor sons (ages 13 and 11 years), and for a fair settlement of all property of the parties. The defendant entered his appearance and made no defense to the suit. On August 30, 1960, the court granted a divorce to plaintiff on the ground of incompatibility and awarded plaintiff the custody of the children and $400.00 per month as child support. The court, in accordance with a property settlement covering all property of the parties, also awarded to plaintiff a car, six rooms of furniture, the former home of the parties and a three unit apartment building, with the provision that plaintiff pay all indebtedness against the property. This real estate was located in Oklahoma City and was mortgaged. The defendant was awarded an automobile. There was no provision in the property settlement as to child support and no provision in either the property settlement or the divorce decree as to payment of any alimony to plaintiff.
On September 11, 1961, defendant filed a motion to reduce child support from $400.00 to $200.00 because of change in his financial condition which rendered him unable to pay $400.00 per month. Plaintiff filed a motion asking that defendant pay an attorney fee and other expenses to plaintiff as expenses in defending against the motion. On October 25, 1961, after hearing testimony of the parties the trial court reduced the child support to $310.00 a month and refused plaintiff's request for attorney fees and expenses. As above stated the parties have appealed to this court.
Plaintiff urges that the court erred in overruling her demurrer to defendant's evidence. This contention is based on the proposition that defendant's evidence failed to show any change in circumstances occurring since rendition of the decree and "is not based on some fact unknown at the time of the decree."
In determining the sufficiency of such evidence the lower court had the benefit of defendant's testimony at an earlier hearing on plaintiff's motion for attorney fees and also his testimony on the merits of his motion to modify the child support payments. At the time of the divorce and thereafter, including the date of the last hearing, defendant was County Commissioner of Oklahoma County, and his "take home" income from his position, including $1,000.00 yearly travel allowance, was $835.00 per month. In addition to this activity the defendant was and had been for a number of years engaged in the oil business. In this business the defendant alone, or with associates, would acquire blocks of oil and gas leases and would then interest investors in developing such properties, with substantial financial return to defendant. Defendant stated that such a transaction required a number of months to complete. According to defendant's testimony his yearly income for some years prior to the divorce had amounted to $20,000.00 or more. Defendant testified it was on this basis that he agreed to $400.00 per month child support. However, according to defendant, this phase of the oil business had been in a slump or "sick" for six months or more prior to the divorce and had become completely unprofitable because of lack of interest on the part of investors; that whereas he had *875 owed $4,000.00 at the time of the divorce, he now owed $20,000.00 through unprofitable operations and in borrowing to pay the child support; that he borrowed to participate in drilling for natural gas but the allowed production would not pay the loan payment; that he had vacated his office because of lack of funds to pay the rent; and that his sole income was from his position as county commissioner. It was admitted that defendant had paid $500.00 for a car and given it to plaintiff when the car received by her in the divorce decree became inoperable. It was also shown that defendant had married and was supporting such wife and her child by a former marriage.
Our applicable statute is 12 O.S. 1961 § 1277, and states:
"A petition or a cross-petition for a divorce, legal separation, or annulment must state whether or not the parties have minor children of the marriage. If there are such children, the court shall make provision for guardianship, custody, support and education of the minor children, and may modify or change any order in this respect, whenever circumstances render such change proper either before or after final judgment in the action."
Plaintiff relies on Jackson v. Jackson, 200 Okl. 333, 193 P.2d 561, as controlling on the evidence of defendant, wherein we quoted with approval the following:
"`* * * A decree fixing the custody of a child is, however, final on the conditions then existing and should not be changed afterward unless on altered conditions since the decree or on material facts existing at the time of the decree but unknown to the court, and then only for the welfare of the child.'"
In effect plaintiff argues that the evidence shows that defendant at the time of the decree of divorce and at the date of the subsequent hearing had only the income from his position of county commissioner and there was no change of circumstances. This argument overlooks the continuing deterioration in the business in which defendant was engaged, the failure of anticipated income from such business, and defendant's increased indebtedness. These are changes in circumstances. Furthermore, the lower court commented that the $400.00 child support was an agreed figure, was not fixed by the court on controverting evidence whereby the court would have been informed of all circumstances, and in effect that $400.00 child support for two children impressed him at the time of the decree as being a high and probably unjustified figure. It therefore clearly appears that the lower court was without knowledge of all material facts at the time of the decree.
We are of the opinion that the court did not err in overruling plaintiff's demurrer to defendant's evidence.
We will now determine the merit of defendant's contention on cross-appeal that the child support should have been fixed at $200.00 per month and the question of wherever $310.00 per month was a sufficient and reasonable amount, under the circumstances, for defendant to pay for support of the children.
The record reflects that plaintiff and the children had moved from Oklahoma City to the Oil City community, about 10 miles from Healdton, Oklahoma (in Carter County), where she rents a house; that plaintiff has not been employed and has no income except the rentals from the Oklahoma City properties, which barely pay the mortgage payments, insurance, taxes and upkeep on such properties. Plaintiff testified further that the monthly cost of support of the two children was: allowance $20.00; school lunches $24.00; two-thirds of the rent, utilities and groceries, or about $124.00; milk $30.00; horse feed $19.50; gasoline for car and scooters $30.00; and clothing, dental and medical expense, tires, repairs on scooters, parts and equipment about $87.50. This totals $335.00. It is debatable, under the circumstances, whether certain of the above apparent nonessential items should be included or be considered in fixing *876 the amount of child support to be paid by defendant. We gather from plaintiff's further testimony that the estimated difference of $65.00 was kept or used by her, or to cover any deficit created by failure of the apartment rents to meet that properties' mortgage payments and expenses.
Upon consideration of the evidence and all the revealed facts and circumstances we conclude that considering the needs of the two children and the nature and extent of defendant's income and earning capacity, there is nothing in the record to indicate that the trial court's action in fixing the child support at $310.00 per month was clearly against the weight of the evidence or to justify this court making a further reduction. In West v. West, Okl., 268 P.2d 250, we stated:
"On appeal from decree requiring the husband to contribute to the support of the children in the custody of the wife, this court will search the entire record but will not modify or set aside the amount of child support allowed by the trial court in the absence of a showing that the amount awarded is clearly against the weight of the evidence. * * *"
Plaintiff also contends that the trial court erred in refusing to grant her attorney fees and expenses in defending against defendant's motion to modify. In Watson v. Watson, 202 Okl. 261, 212 P.2d 667, this court held:
"An application for attorney's fee to the wife in defense of a motion to modify a prior decree in a divorce action, relative to the custody of a minor child, is addressed to the sound discretion of the trial court and its ruling in this respect will not be disturbed on appeal in the absence of a showing of an abuse of discretion."
From our examination of the record and in view of the action of the trial court reducing the child support payments we cannot say that the trial court was guilty of an abuse of discretion in the above respect.
The costs of this appeal shall be borne equally by plaintiff and defendant.
Affirmed.
WELCH, JOHNSON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.
HALLEY, V.C.J., concurs except as to disallowing attorney fees to plaintiff in error and the division of court costs.