**Joyce E. LYMAN, Plaintiff in Error,**

**v.**

**N. F. LYMAN, Defendant in Error.**

**No. 40404.**

Supreme Court of Oklahoma.

March 10, 1964.

Durward K. McDaniel, W. D. Crabtree, Co-Counsel, Oklahoma City, for plaintiff in error.

Gable, Gotwals & Hays, Arthur E. Rubin, Tulsa, for defendant in error.

PER CURIAM.

The facts briefly stated are: On November 18, 1959, the plaintiff, N. F. Lyman, filed an original petition for divorce. On March 8, 1960, the defendant, Joyce E. Lyman, filed an original petition for divorce and on the 23rd day of March, 1960, by order of the court the two cases were ordered consolidated for trial.

On the 21st day of September, 1960, the cases came on for trial and the plaintiff, N. F. Lyman, was awarded a decree of divorce from the defendant on grounds of incompatibility and was also awarded custody of the minor child of the parties, Ladena Joy Lyman, who was at that time approximately eighteen months of age. The original decree giving the father full custody of the child, to the exclusion of the mother, except reasonable rights of visitation by the mother, was sustained by the evidence.

On November 18, 1960, the defendant filed a motion to modify the previous order of the court regarding the custody of the minor child of the parties. On July 27, 1961, the defendant's motion to modify was heard and the court modified its order, previously entered, to allow the mother, Joyce E. Lyman, to have the child with her for one weekend each month.

On April 27, 1962, the defendant filed another motion seeking modification of the last order of the court. On the 27th day of July, 1962, after a hearing on said motion the court modified its last order to provide that the mother, Joyce E. Lyman, have custody of the minor child during the months of June, July and August of each year and that the father have the custody of the child from September through May of each year until the child reached six years of age at which time the court would make a further determination regarding the custody of said child. The court further found that the rights of visitation should be that each parent have the child one weekend each month during the time the child was in the custody of the other parent.

At the hearing on the July 27, 1962, motion, the evidence of the movant shows she is now married to Carroll R. Griffith; that one child, a girl of six months of age, was born of this marriage; that the child is well cared for and she and her husband own a two bedroom house located at 824 Southeast 79th Street, Oklahoma City, Oklahoma. She is no longer employed and would be able to devote full time to the care of her two daughters. Her husband is employed at Tinker Air Field and also owns a retail paint store. He testified in the case, and was asked:

"Q. If this court sees fit to give Joyce full custody of this child, would she be welcome in your home?

"A. She would be more than welcome."

The mother of defendant in error testified that she, her husband and her two sons, Bob and Fain (defendant in error), and Fain's daughter, Ladena Joy Lyman, lived together; that Bob and Fain worked in the daytime and she and her husband took care of the child; that Fain is with the child after he gets off work and that the child seemed very happy and that all of her needs were taken care of.

■ We feel it would serve no useful purpose to engage in a lengthy discussion of the evidence in detail. The same judge conducted all three hearings where the custody of the minor child was given careful consideration by him. We therefore hold the trial judge did not abuse his discretion in awarding the custody of the child to its father for a period of nine months and its mother three months during each year, under the terms and conditions as provided for in the last order, until the child reaches school age.

■ In Adams v. Adams, Okl., 294 P.2d 831, we held in the second paragraph of the syllabus:

"The action of a trial court in refusing to modify a child custody order or judgment will not be disturbed on appeal unless so clearly against the weight of the evidence as to constitute an abuse of discretion."

See also Roemer v. Roemer, Okl., 373 P.2d 55; Ness v. Ness, Okl., 357 P.2d 973; Watson v. Watson, 202 Okl. 261, 212 P.2d 667.

Affirmed.

The court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the court.