Johnson SINCLAIR, Plaintiff in Error,

v.

Diane Thompson SINCLAIR, Defendant in Error.

No. 40722.

Supreme Court of Oklahoma.

May 27, 1964.

F. Paul Thieman, Jr., Tulsa, for plaintiff in error.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for defendant in error.

JOHNSON, Justice.

On August 30, 1961, the defendant in error, hereinafter referred to as plaintiff,

was granted an absolute divorce from the plaintiff in error, hereinafter referred to as defendant. The decree by the District Court of Tulsa County awarded the custody of Michael Sinclair, about one year old at that time, to the plaintiff. On November 5, 1962, the defendant filed a motion to modify this decree insofar as it related to the custody of the child and award him the custody. On November 29, 1962, an order was entered giving custody of the child to defendant. From the record it appears that the plaintiff, who was out of the city, was not aware of this order. On February 25, 1963, the plaintiff filed an application to vacate such order, and on May 2, 1963, the court modified the order of November 29th and entered the judgment appealed from in this case. Such judgment reads in part as follows:

"That the original decree of divorce entered herein and the previous order of this Court entered on the 29th day of November, 1962, should be modified and the same is hereby modified insofar as the same pertains to the care, custody and control of the parties' minor child, Michael Scott Deo Sinclair.

"IT IS THEREFORE ORDERED by the Court that commencing with the date of this order, the plaintiff shall have the weekend custody of said minor child every other weekend commencing Saturday morning and ending Sunday evening. For the period commencing June 1, 1963, and ending June 14, 1963, the plaintiff shall have the care, custody and control of said minor, and in the evening of June 14, 1963, said minor shall be redelivered to the defendant by plaintiff, thereafter the plaintiff to have custody as hereinabove provided every other weekend until August 8, 1963. Commencing August 8, 1963, and thereafter, until the further order of this Court, the exclusive care, custody and control of said minor is hereby granted to the plaintiff. Com-

mencing August 8, 1963, the defendant shall have the weekend custody of said minor child every other weekend from Saturday morning until Sunday evening and, in addition thereto, the defendant shall have custody of said minor child during the months of July and August of each year commencing July, 1964, until the further order of this Court.

"IT IS FURTHER ORDERED by the Court that during the time plaintiff has custody of said minor, defendant shall pay to the plaintiff for the use and benefit of said minor the sum of $50.00 per month, payable on the first day of each month, provided that during the time defendant has custody and control of said minor, he is hereby relieved of the obligation to pay child support."

The contentions of defendant are set forth in two propositions as follows:

1. The court erred in overruling the motion for new trial.

2. The court erred in modifying its previous order by granting the custody of Michael Sinclair to the plaintiff.

Both of these contentions will be considered together inasmuch as both concern the sufficiency of the evidence to sustain the court's decree vacating its order of November 29, 1962 and awarding custody of the child to the plaintiff.

The main contention is that the plaintiff is an unfit person to have custody of the child. We desire to clarify this statement. As we understand the record, no suggestion is made that plaintiff is morally unfit, but rather that having been under treatment for a short period by a psychologist that she is temperamentally unsuited to fill the role as a mother. That the trial court having found in November, 1962, that she was unfit, there has not been produced sufficient evidence to show a change of condition to justify the modification of the court's or-

der and its awarding of custody to the plaintiff.

■ In this connection we are impressed with the case of Eby v. Eby, Okl., 347 P.2d 1036, wherein it was held that the recovery of the mother's health was a change of condition justifying the change of custody of a child. We so hold here. The undisputed testimony of the professional witnesses produced by plaintiff established the recovery of the plaintiff from the mental shock which she had sustained.

Further objection is urged that this child, now about three years of age, was being overly pampered by the plaintiff's parents. If such condition existed, subsequent motions filed in this cause show that the child is no longer living in the home of the grandparents.

Ample visitation rights have been provided to assure the protection of the father's rights, and we believe the decree to be fair in this respect.

■ The only consideration of the court under the circumstances is the welfare of the child. We believe and hold under the facts and circumstances in this case that a child of such tender years as the one here is better provided for in its mother's care than in the custody of the father. In the case of Eby v. Eby, supra, this court said:

"In the determination of the custody of a minor child in a divorce case, the best interests of the child should be the paramount consideration of the court, and where it does not appear that the trial court has abused its discretion, this court will not reverse the order of the trial court."

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, IRWIN and BERRY, JJ., concur.