**Ernest C. CONRAD, Plaintiff in Error,**

v.

**Geraldine CONRAD now Tillison,
Defendant in Error.**

**No. 41313.**

Supreme Court of Oklahoma.

June 18, 1968.

Joe Stamper, Antlers, for plaintiff in error.

Frank Gibbard, Sulphur, for defendant in error.

PER CURIAM:

This is an appeal by a divorced father from an order modifying the child custody provisions of a divorce decree that had been modified before. In the order under review, the Court directed that the custody of the minor daughter of the parties, Karen Conrad, be divided as follows:

"1. That within 5 days after the close of school which Karen Conrad is attending, defendant shall have the care, custody and control of said minor child until 5 days prior to the beginning of the following fall semester. * * *

"2. That during Christmas vacation, each year, the custody of said minor child shall be divided between plaintiff and defendant; that Christmas Day, 1964, said minor child shall spend with the defendant and the following year with the plaintiff and that visitation with the parties on Christmas Day shall alternate each year between the parties under this schedule, unless changed in writing by mutual agreement of plaintiff and defendant. * * *."

At the time of the hearing, the child was eight years old. The Court concluded

from the testimony that neither of the parents was morally unfit to have custody of the minor child. The court also found that divided custody between the mother and father would not be detrimental to the child's best interests. While there was testimony which, if believed by the court, militated strongly against the previous moral fitness of the mother, the Court noted that the testimony with respect to the mother's moral fitness covered a period of time much earlier in the life of the child and that, at the time of the hearing, the mother had an established home for the child and that the child was getting proper care and supervision from the mother. The court apparently was satisfied from all the evidence presented that it was not justified in placing exclusive custody in the father.

By a private discussion with the child, in his chambers, the trial Judge evidently ascertained that she was happy with, and respected, both parents, and that it was her desire to spend time with both. The court's oral remarks and judgment indicate he found that both had established homes with sufficient environmental conditions to permit divided custody between them.

We cannot say that the trial court disregarded the statutory admonition of Tit. 30 O.S.1961, § 11, and abused its discretion by entering the order modifying the custody provisions of the original and modified decrees. Davis v. Davis, Okl., 355 P.2d 572. Notice also the discussion in Waller v. Waller, Okl., 439 P.2d 952, 955, 956.

Under these circumstances we cannot say as a matter of law that the court's finding and judgment that the partial custody be vested in both parents is clearly against the weight of the evidence.

Affirmed.

The Court acknowledges the services of ROBERT S. RIZLEY, who with the aid and counsel of DEAN BRUCE PETERSON and ROBERT J. WOOLSEY, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Justice W. H. BLACKBIRD, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

All the Justices concur.