James P. WEATHERALL, Jr.,
Plaintiff in Error,

v.

Beverly L. WEATHERALL,
Defendant in Error.

No. 41790.

Supreme Court of Oklahoma.

Feb. 4, 1969.

**498**

Berry & Berry, Oklahoma City, for plaintiff in error.

Raymond Burger, Oklahoma City, for defendant in error.

LAVENDER, Justice:

This appeal involves an order of the trial court refusing to vacate or modify that portion of a divorce decree fixing custody of the children of divorced parents in the mother. The motion was by the defendant (father) and as grounds urged that the latter did not contest the granting of the decree because the plaintiff (mother) represented to him she would have nothing further to do with a certain young man and that if she desired to remove the children from Oklahoma after the divorce, she would either obtain permission of defendant or of the court. The defendant alleged that the plaintiff did not intend to fulfill her promises when she made them because after the divorce she married the person whom defendant alleges she promised not to see, and removed the children from Oklahoma to Texas without defendant's consent or leave of the court.. The defendant alleged that if he had not been

thus prevented from contesting the plaintiff's claim to receive the custody of the parties' children he would have shown to the court that the plaintiff had been guilty of misconduct and that the court would have—if it had known of such evidence—decreed the mother an unfit person to have the custody of the children and would have awarded them to the defendant.

The defendant admitted in the hearing on his motion that he was well aware of the conduct of plaintiff at the time he agreed that she could be awarded the custody of the children but that he believed then that she was repentant of her past misdeeds; and that under these circumstances he agreed to the custody of the children being awarded plaintiff. Defendant urges—although he readily admits there is no previous Oklahoma decision to support him—that the trial court in a custody matter may consider circumstances which were unknown to it at the time it rendered its decree concerning custody notwithstanding such facts were known to the movant at the time of the original hearing but not presented to the court. In other words, defendant contends that there exists an exception to the rule that would bar subsequent consideration of such evidence in a matter involving the custody of minor children—that in such matters the welfare of the children should be the paramount concern of the courts and the fact that one, or the other, of the parents failed to present evidence to the court which might have caused the court to fix the custody of the children in some person other than the one in whom it was placed should not be allowed to prevent the court from examining such facts in a subsequent proceeding to vacate or modify such custody order.

Although there are no previous Oklahoma cases which have similar factual basis as the one here being considered, the defendant says this court has indicated its tacit approval of such theory in cases such as Jackson v. Jackson (1948), 200 Okl. 333, 193 P.2d 561; Jones v. Jones (1956), Okl., 294 P.2d 304; Young v. Young (1963),

Okl., 383 P.2d 211 and Earnst v. Earnst (1966), Okl., 418 P.2d 351 wherein this court has announced the following rule in substance: A decree fixing the custody of a child is, however, final on the conditions then existing and should not be changed afterward unless on altered conditions since the decree or on material facts existing at the time of the decree *but unknown to the court*, and then only for the welfare of the child. (Emphasis supplied). See also 9 A.L.R.2d 624 and 17A Am.Jur. Divorce and Separation § 830.

This divorce action was originally filed on December 31, 1963. The defendant filed a cross-petition in which he sought to have the custody of the children set apart to him. The case was set for trial March 31, 1964, but in the meantime the parties settled their differences and entered into a property settlement agreement. Thereafter, on October 8, 1964, a decree of divorce was entered by which the plaintiff was awarded the custody of the children. This decree, before it was signed by the trial court, was approved by attorneys representing both of the parties and it was apparently agreeable in every detail to both parties at that time. It thereafter became final. On April 1, 1965, the plaintiff moved with the children to Texas and on April 9, 1965, she married the same young man whom the defendant contends she promised him she would not see again. The plaintiff and her second husband have been living in Texas since their marriage, as far as the record shows. The defendant's motion to modify and/or vacate the decree was filed July 14, 1965, and came on for hearing in the trial court on August 31, 1965. At that hearing it was shown that at the time of the original decree the defendant was well aware of all of the facts and circumstances which he thereafter contended established (or would have established if made known to the court) that the plaintiff was an unfit person to have the custody of the children. We think it is clear from the record that unless the trial court considered the alleged mis-

conduct of plaintiff which antedated the decree, there is nothing in the record to indicate that the children were not, at the time of the court's hearing of defendant's motion, being well cared for by plaintiff and there is nothing to indicate that the children would be any better off with respect to their temporal, mental and moral welfare if the court—at that time—had modified the original decree and changed the custody from the mother to the father.

We are of the view that in a proceeding to modify provisions of an order relating to custody of a child where the movant relies on facts which were unknown to the court at the time of the order, the movant has the burden to establish not only that these facts would, if they had been known to the court, have had a material effect upon that court's determination of the question involving custody of the children, but to also show that it would now be for the best interest of said child to modify the original order and to make some order regarding the custody other than the order originally entered. The mere showing of circumstances which were unknown to the court at the time of the original order will not, of itself, furnish grounds for the vacation or modification of such order.

It appears from the record of the proceedings had on the defendant's motion that the trial court heard the testimony of both the plaintiff and the defendant. We hold that under the circumstances the trial court considered that the defendant could possibly establish that at the time of the decree the person to whom custody was granted was an unfit person to be awarded custody, but the trial court also considered, and we think properly so, the circumstances which then existed and had existed since the decree and considered all of these circumstances it was the judgment of the trial court that the custody of the children should not be disturbed. The following statement by the trial court is not seriously

**500**

challenged by the defendant and finds support in the record:

"There is no evidence here that this plaintiff is not a good mother, has not taken good care of these children. That is the only thing that bothers anybody in this case, these two little innocent children. If she is a good mother under our law, she is entitled to the children."

Because, as we have held, the present interests of the children control the question of whether the original decree fixing custody should be vacated or modified, we deem it unnecessary to pass upon defendant's contention to effect that said decree should be vacated upon the ground of fraud.

The trial court did modify the prior custody order so as to allow the plaintiff to remove the children to Texas with the further modification that defendant is to have the custody of these children from June 10th to August 20th, each year. That action of the trial court is not questioned herein. The trial court did not err in overruling the defendant's motion to vacate its prior order concerning the custody of these children.

Order affirmed.

All the Justices concur.