**Gayle Ann STEWART, Petitioner,**

v.

**Robert Lee STEWART, Respondent.**

**No. 55018.**

Supreme Court of Oklahoma.

Oct. 28, 1980.

M. W. Kriegel, P. C., Tulsa, for petitioner.

Edward E. Glass, Terry H. Bitting, Ungerman, Conner, Little, Ungerman & Goodman, Tulsa, for respondent.

DOOLIN, Justice:

We granted certiorari in this case under 12 O.S. 1971 § 952(b)3 and Rule 1.50 et seq., 12 O.S. 1970 Ch. 15, App. 2, upon petition of both parties.

Parties were divorced June 1978, after approximately nine years of marriage and one child. The wife had two children by a previous marriage who resided with the mother and stepfather. A consent decree granting divorce, primary custody of minor child with right of visitation in the father, property settlement and attorney fees, was duly entered for the wife. No issue as to fitness of either party was made or inquired into at the time of the decree of divorce.

In August of 1979, wife and mother sought modification of the June 1978 divorce decree as to visitation, claiming unfitness of the husband barred him from enjoying visitation with the only child of the marriage.

On the trial date and in support of her petition alleging unfitness, the wife presented her children, the stepchildren of the husband as witnesses. Both witnesses attempted to testify as to acts of the husband -stepfather that had occurred prior to the 1978 decree of divorce. The husband objected; the court sustained the objection

allowing the wife to make an offer of proof.[1]

No change in the court's ruling was induced by the offer of proof and the case is before us on a certified interlocutory question.

There can be little doubt under the general application of the principles of res judicata or excessive vexation of same issue the trial court was correct in sustaining the objections of the husband to the evidence as offered. What convinces us an application of res judicata should not be applied is that we deal with the best interests of a child of tender years. Under the facts and circumstances of this case, we hold evidence should be admitted and considered by the trial court upon remand. To us, the rationale of applying res judicata to a custody matter assumes that the act or conduct of the parties, pre decree, has been considered and judgment rendered thereon. Such is not the case here. Questions of whether either or both of the parties knew of the purported acts of the husband are not important. The trial court had *no* knowledge of such facts and has not considered same in the best interests of the child,[2] all things considered.

Our statute, 12 O.S.Supp. 1979 § 1277 permits modification and as we held in *Weatherall v. Weatherall,* 450 P.2d 497, 499 *(Okl.1969):*[3]

"... the movant has the burden to establish not only that these facts would, if they had been known to the court, have had a material effect upon that court's determination of the question involving custody of the children, but to also show that it would now be for the best interest of said child to modify the original order

and to make some order regarding the custody other than the order originally entered."

The United States Supreme Court speaking through Mr. Justice Douglas observed in *People of the State of New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947):

... "the proper custody of the minor child is a proper subject for consideration by the chancellor at any time, even if facts in issue could have been considered at a previous hearing, *if such facts were not presented or considered at a former hearing."* (Italics added.) ... a custody decree "is not to be materially amended or changed afterward, unless on altered conditions shown to have arisen since the decree, or because of material facts bearing on the question of custody and existing at the time of the decree, but which were unknown to the court, and then only for the welfare of the child." (Emphasis theirs, citations omitted.)[4]

REVERSED and REMANDED with DIRECTIONS to ADMIT and CONSIDER EVIDENCE.

All the Justices concur.

---

1. Wife's proof by her children of the previous marriage was that the husband–stepfather had attempted sexual molestation of the female child and had suggested to both children that they engage in incest. The male child also offered to prove other anti social acts suggested to him by the husband–stepfather.

2. *Newsome v. Newsome,* 42 N.C.App. 416, 256 S.E.2d 849 (1979) and *Stratton v. Stratton,* 87 Idaho 118, 391 P.2d 340 (1964).

3. 9 A.L.R.2d 623, see also 7–12 A.L.R.2d Later Case Service 306. For similar and earlier Oklahoma cases see *Jackson v. Jackson,* 200 Okl. 333, 193 P.2d 561 (1948); *Jones v. Jones,* 294 P.2d 304 (Okl.1956); *Young v. Young,* 383 P.2d 211 (Okl.1963); *Earnst v. Earnst,* 418 P.2d 351 (Okl.1966) and *Miracle v. Miracle,* 388 P.2d 9 (Okl.1963).

4. *Halvey* was a full faith and credit case involving a Florida divorce decree and its enforcement in New York.