James W. DUNHAM, Jr., Appellee,

v.

Terry DUNHAM, Appellant.

No. 70381.

Court of Appeals of Oklahoma, Division No. 3.

July 11, 1989.

Kathy Evans Borchardt, Tulsa, for appellant.

William Hood, Tulsa, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

Appellee, James Dunham Jr., filed this action for divorce against Appellant Terry Dunham. In his petition he sought custody of the parties' two minor children. Appellant filed a Motion for "Custody of Children, Support, Possession of Home and Response to Plaintiff's Petition". The record does not contain any additional answer or counterclaim by Appellant. The trial court granted the divorce to both parties. Among other things, the trial court gave custody of the children to Appellee and ordered Appellant to pay child support to Appellee according to the Oklahoma Child Support Guidelines. It specifically found support alimony was not merited.

■ Terry Dunham appeals these portions of the judgment. She first argues the trial court abused its discretion in awarding sole custody of the minor children to Appellee, apparently asking us to modify the decree to give custody to her jointly with Appellee. This request has no basis. Although the experts recommended joint custody, both stated in the event the trial court found joint custody to be inappropriate they would recommend custody with Appellee. The trial court in announcing its decision stated: "I think there would be more benefit to the children to have only one primary custodian. Joint custody is not the answer in this case."

■ In awarding child custody in an action for divorce the trial court is vested with wide discretion. *Conrad v. Conrad,* 443 P.2d 110 (Okla.1968). The court must be guided in its decision by the best interests of the children. This Court will not reverse the trial court unless Appellant demonstrates an abuse of discretion. If Appellant fails to demonstrate the trial court's judgment was against the weight of the evidence respecting the children's best interests we will not disturb it. *Manhart v. Manhart,* 725 P.2d 1234 (Okla.1986).

■ Joint custody should only be considered where certain circumstances are present. These circumstances include: the likelihood of parental cooperation in matters affecting the child; a capacity to provide equally beneficial home environments; and that the situation will not be unduly disruptive of other important aspects of the children's life. *Hornbeck v. Hornbeck,* 702 P.2d 42 (Okla.1985). Other jurisdictions have found a cardinal criterion for an award of joint custody is the agreement of the parties and a mutual ability to cooperate in reaching shared decisions in matters affecting the children's welfare. *See,* Annot., 17 A.L.R.4th 1013 (1982). In this respect we find that a party's opposition to joint custody is in effect the antithesis of the concept of joint custody. To force joint custody on an unwilling parent should always give a trial court pause.

Appellant points to nothing evidencing the above factors necessary for a court to give custody of the children to both parties jointly. A review of the record reveals no testimony or evidence of the superiority of a joint custody arrangement over sole custody with Appellee. In fact a review of the record and testimony shows a pattern of acrimony and hostility between the parties, not cooperation. Additionally neither party requested joint custody.

■ One who challenges the determination of custody must put forth evidence presented below upon which he relies to establish the trial court's error, and must affirmatively demonstrate how such evidence shows the trial court's decision to have been contrary to the children's best interests. *Gorham v. Gorham,* 692 P.2d 1375 (Okla.1984). We have reviewed the transcript and record in this matter and cannot say the trial court's determination of custody to be contrary to the best inter-

ests of the children. The trial court's rulings are presumptively correct and not against the clear weight of the evidence. We find no abuse of discretion warranting reversal.

Appellant's second proposition challenges the trial court's child support award. She submits the trial court should have deviated from the Guidelines. This issue was not raised below. Appellant did not present any evidence to the trial court of any extraordinary circumstances justifying a deviation from the Guidelines. In addition she offers no authority in support of this argument. We will not disturb this award.

Appellant's final plea is for support alimony. No pleading or pretrial order sets this as an issue. During the hearing Appellant did not request support alimony for herself. She first mentions support alimony in her Petition in Error. Under these circumstances we will not consider this allegation of error. Issues not properly presented to the trial court cannot be considered by this Court on appeal. *Steiger v. City National Bank of Tulsa,* 424 P.2d 69 (Okla.1967).

JUDGMENT AFFIRMED.

BAILEY, C.J., and REYNOLDS, J., concur.