**Vicki L. ANDERSON, now Eubanks, Appellee/Counter–Appellant,**

v.

**Michael E. ANDERSON, Appellant/Counter–Appellee.**

**No. 72839.**

Court of Appeals of Oklahoma, Division No. 3.

April 10, 1990.

Christopher B. Lyons, Roy F. Steele, Jr., Pryor, for appellant/counter-appellee.

Nathan H. Young, III, Linda A. Epperly, Tahlequah, for appellee/counter-appellant.

MEMORANDUM OPINION

HANSEN, Presiding Judge:

Michael Anderson (Father) and Vicki Anderson (Mother) were divorced in May of 1986. At that time the trial court vested custody of the parties' minor child in Mother. The court ordered Father to pay $150.00 per month to Mother for support of the child.

In July of 1988 Father filed his first Motion to Modify the divorce asking for custody and child support from Mother. The trial court granted Father's motion and placed custody with him. However, it denied his request for child support from Mother.

Two months later, Mother filed a Motion to Modify seeking to have custody changed back to her. Father responded and filed his own Motion to Modify, again requesting that the trial court order Mother to pay child support. The matter was tried to the court in January of 1989. The trial court, after taking the matter under advisement, ordered joint custody, sua sponte. At no time did either party request joint custody.

Both parties state the trial court later withdrew the joint custody order, but the record does not contain any order reflecting that withdrawal. Mother then filed a "Motion to Settle Divorce Decree." After hearing, the trial court issued a Second Order of Modification, reinstating "joint custody", denying Mother's Motion to Modify and Father's request for child support. The trial court also awarded Father $1,000.00 for attorney fees.

Father appeals, raising the impropriety of the sua sponte joint custody order and the trial court's failure to require Mother to pay him child support. Both parties appeal the attorney fee award, Father claiming it is not enough and Mother, in her counter-appeal, arguing the trial court erred in ordering her to pay any attorney fees.

The order from which Father appeals contains the following provision:

> That the Defendant (Father) be, and he is hereby awarded the continued primary custodial possession and control of the parties' minor child, viz., CHRISTI MICHELLE ANDERSON, with visitation set forth hereinbelow; and, that both the Plaintiff (Father) and Defendant (Mother) are hereby granted joint custody of said minor child as ordered by the Court sua sponte;

Although the above order is clearly not a true joint custody order, Father being given primary custody, such sua sponte action on behalf of the trial court is an abuse of discretion. Joint custody should only be considered where certain circumstances are present. These circumstances include: the likelihood of parental cooperation in matters affecting the child; a capacity to provide equally beneficial home environments; and that the situation will not be unduly disruptive of other important aspects of the child's life. *Dunham v. Dunham*, 777 P.2d 403 (Okla.App. 1989).

The Oklahoma Supreme Court in *Hornbeck v. Hornbeck*, 702 P.2d 42 (Okla.1985) made it clear that a trial court does have the power to order joint custody even though one parent does not agree to abide by the plan. However, in this case *neither* party requested joint custody. A cardinal criterion for an award of joint custody is the agreement of the parties and their mutual ability to co-operate in reaching shared decisions in matters affecting the child's welfare. In this respect we find that a party's opposition to joint custody is in effect the antithesis of the concept of joint custody. To force joint custody on unwilling parents should give a trial court pause. *Fast v. Fast*, 787 P.2d 1288 (Okla.App. 1989).

A parent seeking to modify a custody order must show the court that there has been a substantial change in circumstances since the making of the order sought to be modified. However, it must also be shown that this change of circumstances substantially and materially affects the welfare of the child. *Gibbons v. Gibbons*, 442 P.2d 482 (Okla.1968). This same standard must be used when changing custody from one parent to both parents jointly.

In the present case neither party submitted a joint custody arrangement. There was no evidence presented by either party in support of a joint custody order. Further, there is no testimony showing a history of cooperation by Mother and Father respecting decisions governing the well-being of the child. To the contrary, the parties' motions to modify coming on the heels of one another, show a lack of unified concern for the best interests of the child and more likely reveal an atmosphere of hostility and uncooperative behavior on behalf of both parents.

The trial court denied Mother's motion to modify the decree to give her sole custody. Mother does not appeal that portion of the order, and it is affirmed. However, we reverse that portion of the order awarding joint custody of the child to both parties. In effect, this reversal restores the status quo present in the earlier modification order wherein Father is given sole custody of the child.

Father next argues the trial court erred in failing to provide for child support to be paid to him by Mother. We agree. The Oklahoma Legislature has provided for child support to be paid by the noncustodial parent in an amount commensurate with need and ability to pay. These Child Support Guidelines are set forth at 43 O.S.1989 Supp. § 118. Accordingly, we remand with directions to the trial court to set child support in accordance with the above guidelines.

Finally, both parties argue the trial court abused its discretion in ordering Mother to pay $1000.00 to Father as attorney fees. Attorney fees are recoverable in domestic relations cases pursuant to 43 O.S.1989 Supp. § 110. Under this section, the trial court makes its determination considering the respective parties and the means and property of each. This statute is not "prevailing party" legislation as argued by both parties. An award of attorney fees for defense of a motion to modify a divorce decree is addressed to the sound discretion of the trial court and its ruling thereon will not be disturbed on appeal absent a showing by the appealing party of an abuse of discretion. *Miller v. Miller*, 383 P.2d 873 (Okla.1963). Neither party has made such a showing. The $1000.00 attorney award to Father is therefor affirmed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.

BAILEY and ADAMS, JJ., concur.